TROY CONSTRUCTION COMPANY, Appellant,

v.

NORTH CAROLINA NATURAL GAS CORPORATION, Appellee.

No. 3537.

Court of Civil Appeals of Texas.

Waco.

Oct. 2, 1958.

Rehearing Denied Oct. 30, 1958.

Fred W. Moore, Houston, for appellant.

Childress, Port & Crady, Monteith, Baring & Monteith, Houston, for appellee.

McDONALD, Chief Justice.

This is a summary judgment case. Parties will be referred to as in the Trial

Court. Plaintiff Troy Construction Company filed this suit against defendant North Carolina Natural Gas Corporation seeking specific performance of an alleged contract for the construction of a natural gas pipeline in the State of North Carolina, or damages in the alternative. The germane facts alleged by plaintiff in its petition are:

Defendant is the owner of a certificate of necessity and convenience issued by the Utilities Commission of North Carolina, which entitles defendant to construct and operate a natural gas pipeline and transmission system within the State of North Carolina. In applying for such certificate the defendant submitted, among other data, maps depicting the route of the pipeline, proposed flow of gas through such pipeline and estimated costs of construction of such pipeline. One Guy Goodwin, an employee of plaintiff, who was at the same time Executive Vice-President of defendant corporation, and while acting on behalf of defendant, orally contracted with plaintiff that plaintiff would construct the gas pipeline in the State of North Carolina for $9,938,409 in accordance with the maps and cost estimates submitted by defendant to the North Carolina Utilities Commission. Plaintiff alleges that the particulars of the work to be performed by it in the construction of the pipeline are set forth in the Hearing Exhibit and that such construction is to be performed in accordance with the specifications, maps and data set forth therein, and generally that the plans and specifications to be followed by plaintiff in the construction of the pipeline are contained in the Hearing Exhibit. Such oral contract between plaintiff and defendant was subsequently confirmed by letter from Goodwin to plaintiff, and such contract was thereafter orally modified by plaintiff and defendant (acting through Goodwin) in order to allow defendant to increase the contract price by an amount equal to increases in costs of labor and material in the North Carolina area. Plaintiff alleges that defendant has failed and refused to recognize the alleged contract, and seeks an

order requiring the defendant to recognize the contract and authorize plaintiff to begin construction of the pipeline immediately upon the completion of the financing.

The defendant filed an answer in which it is asserted that the plaintiff failed to set forth a cause of action against the defendant, and further plead a general denial. It should be noted that the defendant levelled no special exceptions at the plaintiff's pleading and pointed out no particulars wherein plaintiff failed to plead a cause of action.

Defendant thereafter moved for a summary judgment that plaintiff take nothing on the ground that the plaintiff's pleadings, affidavits, and exhibits do not reflect the existence of any contract, or of a valid agreement to make a contract between plaintiff and defendant for the construction of the gas transmission pipeline.

Plaintiff filed affidavits in opposition to defendant's motion for summary judgment. In such affidavits plaintiff swore that it was agreed with defendant that plaintiff was to have the contract to build the projected pipeline as soon as the financing was completed, and Goodwin swore that plaintiff and defendant made a contract and agreement whereby plaintiff was to construct the pipeline for the prices specified in said Exhibit (with the proviso that any substantial increases in the costs of labor and material in the area called for proportionate increases in the Exhibit), and that defendant had advised plaintiff to prepare to begin work as soon as the financing was completed.

The Hearing Exhibit before the North Carolina Utilities Commission contains maps, plats, flow diagrams, and detailed specifications as to the construction of the pipeline in question.

Defendant filed no affidavits in support of its motion, or in contradiction of plaintiff's affidavits in opposition to the motion.

The Trial Court found that there was no genuine issue of fact involved and sus-

tained the summary judgment decreeing that plaintiff take nothing.

Plaintiff appeals, contending that: 1) Rule 90 Texas Rules of Civil Procedure abolished general demurrers; consequently where no special exceptions are alleged the sufficiency of plaintiff's allegations describing the contract cannot be questioned. The mere allegation of the contract is a sufficient description; details need not be alleged. 2) Summary judgment should be denied if there are any issues of material fact. There are many issues of material fact for determination in the case at bar. 3) A positive denial or repudiation of a contract by one party gives the other party an immediate right of action; he can, before the time of performance arrives, if he so elects, at once bring an action for damages for breach of the contract, or in the proper case, he may sue for specific performance. 4) The certainty required in a contract so as to make it enforceable is only reasonable certainty; uncertainty as to collateral matters will not make the contract unenforceable.

Basically we have this situation before us: Plaintiff sues defendant for specific performance or damages for breach of a contract by which plaintiff was to build a pipeline for defendant in accordance with certain specifications and for a certain price, as soon as defendant completed the financing of the project through the issuance and sale of bonds. The financing has not been completed, but defendant denies the existence of the contract for plaintiff to build the pipeline when financing is complete. Defendant filed a general denial and what amounts to a general demurrer to plaintiff's petition. Defendant filed no special exceptions. Defendant then filed motion for summary judgment unsupported by any affidavits. Plaintiff filed opposition to defendant's motion for summary judgment and included two affidavits to the effect that plaintiff had the contract to build the pipeline for defendant according to certain specifications for a certain price, such work to commence as soon as financing was complete. Financing is not complete, but defendant denies the existence of a contract.

The Trial Court granted defendant's motion for summary judgment. We are faced with the undisputed fact that plaintiff swears he has a contract. Defendant denies the existence of the contract and in his brief contends that there is no contract since the details, terms, and specifications were not spelled out sufficiently to have a valid enforceable contract. We note again that no special exceptions were levelled at plaintiff's petition in this regard.

It is true that the contract was contingent upon the completion of financing, but here defendant has declared that there is no contract and that it will not perform under any circumstances.

10A, T. J., p. 549, Sec. 272. "Anticipatory Breach by Renunciation or Repudiation of Contract.—

"A positive and absolute refusal by one party to perform is in itself a breach of the contract, and under the doctrine of anticipatory breach an immediate right of action accrues to the other party. So if one party prior to the time for performance, in positive terms and unconditionally declares that he will not perform, * * * the other party may, if he so elects, accept such declaration as a breach of the contract and as putting an end to it. * * * (or bring a suit for specific performance)".

We think that summary judgment has no application in the case at bar. The issue here is, was there a contract? Appellee seems to *admit* that there was a contract but that same is unenforceable because the minds of the parties never met upon many essential elements of the contract. Appellee seems to contend that since all details of performance of the contract were not spelled out in plaintiff's petition and exhibit, that this court should say that as a matter of law there was no contract. It

**960**

well may be that upon complete development of the case a court can say that the details were not spelled out sufficiently where the minds of the parties met upon essential elements of the contract; but here in a summary judgment proceeding we cannot strike down plaintiff's case merely because the details (which are disputed issues of fact) have not been set forth. Here, the plaintiff plead that he had a contract to construct the pipeline for a certain monetary consideration. The contract was oral but later confirmed by letter. Defendant has never by affidavit disputed the foregoing affidavit. Defendant rather says there is no contract as a matter of law since plaintiff made no showing that the minds of the parties met on all essential elements. We think that whether the minds of the parties met on essential elements—as well as what were the exact and precise terms of the contract in these matters—are fact questions requiring findings of fact after introduction of such evidence as the plaintiff may desire—and certainly should not be guessed off by summary judgment. Moreover, if defendant wanted pleadings as to details of the contract in greater exactitude, special exceptions should have been levelled at plaintiff's pleadings. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50.

It is possible that a failure to accomplish financing the project may be a defense to the plaintiff's cause of action; that, however, was not plead, constitutes a fact issue, and is not here relied on by the defendant. The defendant herein has simply denied the existence of the contract by reason of its failure to be plead in exactitude. It does this absent the levelling of special exceptions to the plaintiff's pleading.

It is our view that summary judgment in the present state of the record in this case is error, and for the reasons set out the cause is reversed and remanded.

Reversed and remanded.

HALE, J., not participating.