Clarence **JONES**, Appellant,

v.

Carlos **GONZALES**, Appellee.

No. 6871.

Court of Civil Appeals of Texas.

Amarillo.

June 15, 1959.

Rehearing Denied July 6, 1959.

Monning & Monning, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellee.

PITTS, Chief Justice.

This is an appeal from a summary judgment rendered wherein appellee, Carlos Gonzales, filed suit on June 6, 1958 in the nature of a trespass to try title against appellant, Clarence Jones, and two other defendants, D. E. Basden and Jerry Basden, but the suit was actually for the recovery of leased premises and for damages in the amount of the rental value thereof from April 11, 1958 upon a claim that the lease had terminated. All of the defendants answered with a plea of "not guilty" and a general denial. Appellant, Clarence Jones, further answered with a cross action against

appellee, asking alternatively for damages by reason of breach of contract or for specific performance. In a supplemental pleading filed, appellee admitted some of appellant's allegations but denied others. Thereafter both appellee and appellant herein filed requests respectively for admissions by the adverse party to which replies were made. The answers to such requests so made were mostly affirmative and furnished some basis for the respective claims made but such admissions did not determine the existing genuine issues of material fact questions hereinafter shown. Following the replies to such requests made, appellee filed his motion for summary judgment with an affidavit filed the same day, which motion was controverted by appellant's affidavit. As a result of a hearing before the trial court, appellee's motion for summary judgment was sustained and summary judgment was accordingly rendered for appellee from which only Clarence Jones appealed. Defendants D. E. Basden and Jerry Basden did not perfect an appeal and are not therefore before this court.

The record reveals that appellee owned a small tract of land in Potter County near Amarillo and adjacent to U. S. Highway 60; that on March 1, 1952 appellee leased the said land in writing to C. O. Hughes for a term of five years from September 10, 1952 to September 9, 1957, with an option of a five year renewal if desired at a rental value of $75 per month; that the lessee had a right to place improvements on the land for business purposes with such improvements so attached to the land to belong to the lessor at the expiration of the lease unless otherwise agreed upon in writing by the parties thereto; that appellant herein, Clarence Jones, loaned money to C. O. Hughes to improve the premises and it seems Hughes could not repay appellant, for which reason Hughes on May 12, 1953, for a nominal consideration, transferred and assigned the said lease and the improvements thereon to appellant, Clarence Jones, who at the expiration of the said lease exercised his option for a five year extension of the same from September 10, 1957 to September 9, 1962; that appellant paid the rentals, used and exercised his right of control of the land and improvements thereon during the remainder of the original lease as well as for a portion of the period of time under his optional renewal of the lease; that early in 1958 it became apparent that the State of Texas would require a part of the premises for widening U. S. Highway 60 and an offer of $12,850 was made to appellee and appellant by the State Highway Department for the required right-of-way from the said premises; that thereafter on April 5, 1958 appellee Gonzales wrote a letter to appellant Jones recognizing the original lease of the said land to C. O. Hughes, the assignment of it to appellant and the optional five year extension of it by appellant to September 9, 1962 and then proposed "That we accept the State's offer of $12,-850.00 and divide it equally"; that appellee then further proposed therein to appellant:

"That you have the option, to be exercised within ninety (90) days from April 10, 1958, to decide whether or not you wish to cancel the existing lease. Rentals on the lease shall be abated during the option period and you shall not be liable for such rentals during such period in any event. In the event you decide not to cancel the lease but to abide by the same, you shall pay the rental due on July 10, 1958, and shall thereafter comply with the provisions of the existing lease * * *

"Please signify your acceptance of this proposal by signing at the place indicated below and returning one copy of this letter to me.";

that other proposals not here material but which may be material on a trial on the merits were therein made, and appellant accepted appellee's written proposal by writing at the bottom thereof:

"Accepted: April 10, 1958
/s/ Clarence Jones";

that a deed was accordingly executed by appellee and his wife showing a considera-

tion of $12,850 but such was not satisfactory to the State Highway Department because "an awning together with the steel supporting posts" of the valuation of $585 had been recently removed from the premises and a new deed and a consideration of $12,265 (after deducting $585 as the value of the awning and steel posts from the original offer of $12,850) was drawn and sent to appellee for him and his wife to execute in lieu of the original deed; that after some negotiations of the parties through their attorneys an apparent amicable agreement was reached between appellee and appellant as to how much of the $585 reduction for the awning and steel posts each party would stand for and the second deed of date April 17, 1958 was executed by appellee and his wife and the same was sent to the State Highway Department by mail on April 23, 1958; that the matter rested until May 25, 1958, when appellee through his attorney wrote the State Highway Department withdrawing former offers made by appellee to the Highway Department and asking that all papers, including the last deed mentioned, executed by appellee and his wife, be returned to appellee and at the same time appellee also notified appellant, through his attorney, of such withdrawal, to which withdrawal appellant objected and contends that such action was taken by appellee without consulting him; that the State Highway Department did soon thereafter return to appellee's attorney all of the instruments executed by appellee and his wife as requested; that on June 11, 1958 appellee through his attorney did, by letter written to appellant, demand the payment of the rentals on the premises for the months of April, May and June, 1958 or else he would declare the lease contract terminated; that appellant declined to pay the rentals for the said months because such payments had been abated and forgiven under the terms of the agreement between the parties of date April 5, 1958.

Appellee thereafter filed his suit as previously herein shown and on September 5, 1958 appellee filed his motion for summary judgment asking for title and possession of the premises, together with damages at the rate of $200 per month rental value for the use thereof by appellant. He, at the same time, filed an affidavit of his attorney asserting that a letter attached thereto of date April 17, 1958 from the Highway Department requesting a new deed for a smaller consideration because an awning and steel supports thereof had been removed, was the original letter received. In reply to such motion appellant filed an opposing affidavit signed and sworn to by his attorney, Hon. Ben P. Monning, who asserted therein that he was familiar with all of the details and transactions there involved and knew his statements therein made to be true and correct. The said affidavit is lengthy, containing allegations of all of the material facts previously herein shown, making his former pleadings and numerous exhibits, shown in the record, a part thereof. Affiant also therein alleged among other charges that appellee had without just or legal cause repudiated the agreement made jointly between himself and appellee with the State Highway Department and that appellee had breached his written agreement made with appellant of date April 5, 1958 and accepted by appellant of date April 10, 1958 abating the payment of rent by appellant and forgiving such rent in any event for a period of 90 days from April 10, 1958 and agreeing that appellant should receive one-half of the proceeds from the Highway Department in payment for his damages done to his business and improvements placed on the premises as alleged in his cross action; that he had paid all rentals due under the terms of his agreement with appellee; that the appraisal of the awning and steel posts was made by mistake and that by agreement between himself as attorney for appellant and Hon. Wm. Q. Boyce as attorney for appellee they had settled the amount each party was to pay of the $585 satisfactorily to their clients and to the State Highway Department; that because of appellee's breach of contract of date April 5, 1958 appellant had thereafter leased the premises to defendants D. E. Basden and Jerry Basden in an

effort to mitigate the damages due appellant by appellee as much as possible. Such affidavit also asserting the existence of several material controverted fact issues was filed on September 16, 1958. Most of the sworn allegations made by appellant's attorney were not denied under oath by appellee. However, the next day thereafter appellee's attorney, Hon. Wm. Q. Boyce, made and filed an affidavit denying the statements made by Hon. Ben P. Monning in his affidavit to the effect that an oral agreement had been previously made between the two said attorneys acting for their clients respectively concerning a division of the $585 reduction required by the State Highway Department in settlement for the awning and steel posts.

On September 19, 1958 the trial court heard and considered appellee's motion for summary judgment, together with the pleadings, admissions and affidavits on file and found that there existed no genuine issue of any material fact for which reason appellee was awarded summary judgment as a matter of law to title and possession of the premises together with recovery as against all three defendants jointly and severally the sum of $909.74, the same being the rental value of the premises at the rate of $200 per month from June 11, 1958 to date of the judgment rendered on October 17, 1958; that judgment was further rendered denying appellant, Clarence Jones, any recovery on his cross action and denying defendants D. E. Basden and Jerry Basden any recovery by reason of any counterclaim they made. All defendants gave notice of appeal but only Clarence Jones perfected an appeal, in which he contends there are several controverted genuine material fact issues to be determined.

In the case of Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931, the Supreme Court said in part:

" 'The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' * * *

"The duty of the court hearing the motion for summary judgment is to determine if there are any issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. * *

"The general rule is that if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted."

■■ It will thus be seen that the usual rules of procedure in a non-jury civil action do not always apply to a hearing of a summary judgment motion. In the case at bar, according to the authority last cited, the burden of proof was upon appellee to show there was no genuine issue of any material fact raised and all doubts as to the existence of a genuine issue as to a material fact must be resolved against appellee. It must likewise be remembered that the trial court must determine from what was then before the court whether or not any genuine issue of fact as to any material matter has been presented. Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015.

■ The trial court in this action had before it appellee's original petition, his supplemental pleading and his motion for summary judgment, none of which had been sworn to, but appellee is seeking according to his own language found in his brief "recovery of the title to and possession of a tract of land in Potter County and damages for the rental value thereof from April 11, 1958." Appellee claims he is entitled to such recovery because the lease contract

between him and appellant had terminated and because appellant had breached the contract between them of date April 5, 1958 and it seems from the trial court's judgment that it sustained appellee's claims so made notwithstanding appellant's long affidavit raising material issues of fact to the contrary. In the lengthy affidavit filed and sworn to by appellant's attorney he in effect denies that the lease contract has been terminated or that he breached the contract of date April 5, 1958 between himself and appellee, but he charges under oath that appellee has breached the said contract of date April 5, 1958. Appellant likewise thereby charges that appellee to appellant's damage wrongfully and without legal authority repudiated the contract he and appellee together made with the State Highway Department. The question of whether or not the lease contract had been terminated and who breached the contracts in question and who, if anybody, may be entitled to damages, according to the record before us, constitute genuine controverted material fact issues which should be determined only as a result of a full hearing of the case on its merits. Troy Const. Co. v. North Carolina Natural Gas Corp., Tex.Civ.App., 316 S.W.2d 957; Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Pattison v. Highway Ins. Underwriters, Tex.Civ.App., 292 S.W.2d 694, 699; Hunley v. Garber, Tex.Civ.App., 254 S.W.2d 813; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236.

The affidavit of appellant's counsel to the effect that he and appellee's counsel agreed on behalf of their clients as to the division between them of the $585 reduction required by the Highway Department which is denied by the affidavit of appellee's counsel constitutes another controverted material fact issue which has some bearing upon other material questions of fact.

In his brief appellee says:

"Two controversies are presented for this Court's decision: (1) Was there an enforceable contract whereby the Appellant was to convey a part of the leased premises to the State for the sum of $12,265.00? (2) Had the lease terminated on account of the Appellant's failure to comply with its provisions?"

We believe those are controverted questions to be determined at a trial on the merits but it is our opinion that the controlling question for this Court to here determine is whether or not there existed any genuine issues of material facts to be determined since a summary judgment is not proper if the evidence presented raises one or more genuine material issues of fact to be determined. We agree that the two questions presented by appellee in his brief do constitute "controversies" which in our opinion present two controverted genuine issues of material facts, along with some others, that should not, under the record and the authorities cited, be determined by a summary judgment.

According to the record before us we believe genuine controverted material fact issues have been shown to exist for which reason the judgment of the trial court is reversed and the cause is remanded for a trial on the merits.