**Jack HATTEN, Appellant,**

v.

**MOHR CHEVROLET COMPANY, Appellee.**

No. 16158.

Court of Civil Appeals of Texas.

Dallas.

March 29, 1963.

Rehearing Denied April 26, 1963.

Fritz & Vinson and John R. Bryant, Dallas, for appellant.

Irion, Cain, Cocke & Magee, and Don W. Davis, Dallas, for appellee.

WILLIAMS, Justice.

Jack Hatten brought this suit against two defendants, Mohr Chevrolet Company and Republic National Bank of Dallas, alleging,

in two counts, a joint and several cause of action based upon allegations of fraud and collection of usurious interest. The trial court sustained defendant Mohr's motion for summary judgment directed to the pleadings only, thereby holding, in effect, that plaintiff had failed to state a cause of action against said defendant. (See footnote [1]). The court severed the case as to Republic and Hatten brings this appeal, contending that the trial court erred in holding that his pleadings did not state a cause of action against Mohr. We have carefully examined the pleadings and we are in accord with appellant's contention and therefore reverse and remand the judgment of the trial court.

Briefly summarized, appellant's petition reveals that he had purchased a car from Mohr on time payment plan and, being desirous of refinancing his payments, entered into a "revision agreement" which, according to appellant, provided for excessive interest in the amount of $155.50. The original contract of sale, together with "revision agreement" had been assigned to Republic National Bank of Dallas by Mohr. Plaintiff further alleged that thereafter, "by means of some fraud, artifice or other illegal device employed by Mohr and Republic, or either of them, the exact nature of which device is unknown to plaintiff, plaintiff's signature was secured upon a 'conditional contract Republic FM–77–2R1' form which was in blank". Plaintiff alleged that his signature upon the blank form was secured by reason of a representation of Mohr that appellant was signing insurance claim forms; that appellant relied upon such representation; that such representation was false and "which representation caused plaintiff pecuniary injury as hereinafter set out in the form of excessive amounts of interest claimed of plaintiff and paid by plaintiff." He asserted that Mohr

completed and filled out the blank form without consent or knowledge of appellant, to show that appellant was obligated to pay Mohr a larger sum of money than was actually owed. Such instrument was then assigned to Republic and appellant paid to that institution the sum of $420 which he alleges to be excessive interest. He prays to recover of Mohr and Republic, and "each of them, jointly and severally, the single amount of such void interest sums of $155.50 and $420.00, and each of them." In addition thereto appellant alleges that the fraud committed by Mohr was willful and thereby sought to recover from Mohr the additional sum of $1,000 exemplary damages.

Appellee defends the summary judgment upon the proposition that appellant has, in his pleadings, admitted that he made the payments of illegal interest to Republic and, since Mohr did not receive any of such payments, appellant has failed to allege any damages lawfully recoverable from Mohr. We cannot agree with this contention.

■ Here, as under the old general demurrer practice, we take as true all of the allegations of plaintiff's pleadings. Moreover, being a summary judgment proceeding under Rule 166–A, Texas Rules of Civil Procedure, we are governed by the now well-established rules announced by our Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, which directs us to indulge every reasonable doubt against the moving party. Pleadings are ordinarily given liberal construction in order to ascertain the intent of the pleader. When carefully reviewed, appellant's pleadings, while probably not perfectly drawn, do allege a valid cause of action against Mohr. The mere fact that he alleges that the money he claims to be damages from the fraudulent act of Mohr was paid to Republic, Mohr's

1. It has been said that when a motion for summary judgment is directed solely to the adequacy of the pleadings as a matter of law, there is little distinction between such motion and the old general demurrer. Suggs & Stumberg, Summary Judgment Procedure, 22 Tex.Law Rev. 433; "The scope of pleading as proof in summary judgment procedure" by Le-Mond & Kreager, 30 Tex.Law Rev. 613, 615.

assignee, or that said money is called "usurious interest" does not, in itself, preclude his recovery of same from Mohr. As reflected on the face of the pleadings, appellant seeks to bring a joint and several cause of action against both alleged wrongdoers. He says that by reason of Mohr's fraud he was caused to pay excessive interest to Republic. Under his theory of fraud he could recover this amount as damages against Mohr, or recover the same against Republic as usurious interest. Similar factual situations appear in such cases as City Lincoln Mercury v. Ybarra, Tex.Civ.App., 308 S.W. 2d 67; Tyson v. Associates Investment Co., Tex.Civ.App., 331 S.W.2d 768; Bradford v. Mack, Tex.Civ.App., 359 S.W.2d 936 and Mack v. Bradford, Tex.Civ.App., 359 S.W. 2d 941.

Judgment of the trial court is reversed and remanded.