Chester R. MORRIS, Appellant,

v.

Pat BAILEY, Appellee.

No. 11359.

Court of Civil Appeals of Texas.

Austin.

Jan. 26, 1966.

Rehearing Denied Feb. 9, 1966.

Chester R. Morris, Austin, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B.

Wright, Executive Asst. Atty. Gen., J. C. Davis, Pat Bailey, Asst. Attys. Gen., Austin, for appellee.

PHILLIPS, Justice.

This is an appeal by appellant, Chester R. Morris, from a judgment of the District Court of Travis County, Texas, sustaining appellee, Pat Bailey's Motion for Summary Judgment.

Appellant sought money damages from the appellee, an Assistant Attorney General of the State of Texas, for allegedly willfully and consistently trying to involve the appellant in indefinite litigation, for allegedly seeking delay in litigation and for allegedly causing the Attorney General of Texas to appear in many cases involving the appellant.

Appellee filed a Motion for Summary Judgment in addition to other pleadings and upon a hearing upon such Motion the trial court sustained same and entered judgment that appellant take nothing.

Appellant's answer to appellee's Motion for Summary Judgment in no way denied or disputed the material factual allegations set forth in appellee's Motion for Summary Judgment. We hold that the trial court was correct in sustaining appellee's Motion for Summary Judgment, for as stated in 7 Tex.Jur.2d, Attorneys at Law, § 136, p. 206:

> "In general, an attorney deals at arm's length with adverse parties, he owes them no duty, *and is not liable to them for his actions as an attorney in behalf of his client.* Attorneys are authorized to practice their profession, to advise their clients, *and to interpose any defense or supposed defense, without making themselves liable for damages.*" (Emphasis added.)

Also, in the case of Kruegel v. Murphy, Tex.Civ.App., 1910, error ref., 126 S.W. 343, the court had before it a case where a litigant in a prior case filed suit for damages against the judge, clerks and attorneys involved in the prior suit complaining of their actions in connection with the prior suit. The trial court denied the complaining party the relief he sought and the appellate court in affirming the action of the trial court stated that:

> "The petition sets out the matters that were involved in the former actions and joins other parties therein. It contains wholesale charges of fraud, corruptions, conspiracy, and combination to defeat plaintiff's rights, but there are no specific acts set forth showing plaintiff's right to recover damages, or that the judges, attorneys, and clerks did not have the right to do the acts complained of. * * * The attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages. * * *"

See also Traders & Gen. Ins. Co. v. Keith, Tex.Civ.App., 1937, 107 S.W.2d 710, error dismissed.

In the instant case it is undisputed that all of the activities of appellee in connection with appellant's prior litigation was in the capacity of an attorney representing a party which appellant had sued. Such being the case, and in view of the foregoing authorities, it is clear that the appellee had the right to interpose any defense or supposed defense and make use of any right in behalf of such client or clients as appellee deemed proper and necessary, without making himself subject to liability in damages to the appellant. In this connection it should be noted that any other result would act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest ex-

tent allowed by law, and availing his client of all rights to which he is entitled.

The appellant appears to have essentially based his complaint against appellee upon the allegation that appellee had on occasion requested motions for continuance in behalf of the parties he represented. However, the appellant has completely failed, in the language of Kruegel v. Murphy, supra, to show that appellee " * * * did not have the right to do the acts complained of * * *" namely, to file motions for continuance in behalf of the party he represented. Conversely, pursuant to Rule 251 and Rule 252, Texas Rules of Civil Procedure, the appellee was expressly authorized to request a continuance on behalf of the party or parties he represented under certain conditions.

Appellee had the right, pursuant to the foregoing Rules of Civil Procedure, to file such motions for continuance, in behalf of the parties he represented, as he felt justified. The decision, however, of whether such continuances were granted rested with the trial court rather than with appellee.

There existing no genuine issue of any material fact concerning that all of appellee's acts complained of by appellant were acts of an attorney representing his client, then under the decision of Kruegel v. Murphy, supra, the trial court was correct in sustaining appellee's Motion for Summary Judgment.

Appellee has set forth in his Motion for Summary Judgment that in all instances complained of by appellant he was acting as an Assistant Attorney General in representing the State of Texas, its officers, agents and employees. The appellant in his answer to appellee's Motion for Summary Judgment has wholly failed to dispute these material facts.

We affirm the judgment of the trial court.

Affirmed.