**J. W. BENSON et al., Appellants,**

**v.**

**GRACE OIL COMPANY, Appellee.**

**No. 417.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 13, 1968.

Rehearing Denied July 11, 1968.

Roger Butler of Butler, Schraub & Gandy, Corpus Christi, for appellants.

James W. Wray of Lewright, Dyer & Redford, Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This appeal is from a summary judgment for defendant in cause No. 11,748–A in the district court, same being a severed portion of a case filed as No. 11,748. It involves a limitation problem. The action is one for damages to land allegedly caused by salt water negligently being permitted to escape from the pit or pits of defendant onto the land of plaintiffs. Plaintiffs' original petition was filed February 19, 1963, and their amended petition was filed some 4⅓ years later, on June 15, 1967. It is the contention of appellee that the damages sought by plaintiff-appellants in the amended petition *as to this severed portion of the law suit* were wholly based upon and grew out of new, distinct and different transactions and occurrences from those alleged in the original petition, and that plaintiffs' pleadings affirmatively showed this fact; and that hence plaintiffs' cause of action in such severed suit is barred by the two year statute of limitation, Art. 5526,[1] which provides:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions of trespass for injury done to the estate or the property of another. * * *"

Appellants take the position that the cause as plead additionally in their amended petition is embraced within the terms of Art. 5539b, which provides:

"Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any

of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require. Acts 1931, 42nd Leg., p. 194, ch. 115, § 1."

In their original petition, filed February 19, 1963, plaintiffs in paragraph II alleged that *on or about* April 20, 1961, defendant was operating seven wells for the production of crude oil and its by-products on its lease on Tract 23 of the John Pollan Survey in San Patricio County, Texas, and in the course of such operation a salt water pit was negligently permitted to overflow and discharge a portion of its contents of extremely high and dangerous alkaline and saline solutions *into* and *upon* the lands and premises owned by plaintiffs, described as the West 25 acres of Tract 34 of said John Pollan Survey.

The negligence proximately causing their damages alleged by plaintiffs to have been committed by defendant were in the following particulars, "among others":

"1. In failing to use the degree of care and foresight which an ordinary prudent person in the exercise of ordinary care would have used to discover the breakage of its discharge pump in sufficient time to have prevented the alkaline and saline solution from flowing onto the lands and ditches and into the creeks and lands of the plaintiffs.

2. In permitting the alkaline and saline solution from its pits to pollute the creeks and lands of plaintiffs.

3. In permitting the discharge upon plaintiffs' lands and water courses of saline solution containing in excess of

1. Article references are to Vernon's Ann.Tex.Civ.Stats.

2000 parts of salt per 1,000,000 gallons of water.

4. In failing to provide adequate pits to retain the alkaline and saline solutions and prevent the discharge upon lands sloping toward and upon the lands and creeks of plaintiffs.

5. In accumulating salt water as it was produced from their wells with oil, with knowledge of the danger if same escaped."

Plaintiffs next alleged their damages, with special emphasis on destruction of a valuable and unusual grove of Chiltipin Oak trees and of some fruit producing pecan trees, all located on said Tract 34. Plaintiffs alleged their damage to be the difference between the reasonable value of said 25 acres enhanced by the trees upon it before the "percolation and seepage of the chemically charged waters from defendant's pit upon such land and now and since shortly after the invasion of the poisonous water", and sought recovery in the sum of $77,700.00.

In their first amended petition, plaintiffs repeated verbatim the aforesaid allegations in paragraph II of the original pleading, except that their lands and premises were described as a portion of Tracts 34, 48, 47, 52, 52a, 49, 51 of the John Pollan Survey in San Patricio County, Texas, aggregating approximately ninety acres. They repeated their five grounds of negligence, adding thereto negligence grounds *6* and *7*. Ground *6* again referred to the open salt water or slush pit maintained on its lease by defendant, alleging that in pumping barrels of salt water and many pounds of salt into said pit each day, the defendant permitted said salt water and waste to percolate into the underground fresh water by not handling it so that it could not percolate into the earth, thereby polluting the fresh water stratas, and thereby permanently destroying irrigation wells and usefulness thereof.

Plaintiffs alleged as ground *7* that the pollution of water used to irrigate their

lands was caused by negligence of the defendant (a) in permitting salt water to escape from various salt pits into the subsurface strata of plaintiffs' land and into their irrigation wells; (b) in allowing salt water to collect in surface pits and to escape and percolate in such a way as to pollute plaintiffs' fresh water supply; (c) in failing to adopt any effective method of disposing of salt water without polluting plaintiffs' water supply; (d) in failing to seal the surface of the pits in which salt water was caused and permitted to flow; (e) in violating Rule 20 of the Railroad Commission of Texas reading: "Fresh water, whether above or below the surface, shall be protected from pollution, whether in drilling, plugging or disposing of salt water already produced"; (f) in violating statutes of Texas prohibiting the pollution of underground water.

In their amended petition, plaintiffs plead for the first time that defendant's salt water contaminated their irrigation wells, which first became known to them in June 1963, and that some of the irrigation wells had to be abandoned, and that others will become polluted in the future. However, the pleading does not affirmatively show that such contamination was caused by different transactions than those alleged in the original petition.

Plaintiffs repeated their allegations concerning the special damages to the Chiltipin Oak grove on Tract 34, and the damage to the 25 acre tract enhanced by the oak and pecan trees alleging again percolation and seepage of the chemically charged waters from defendant's pit, and again alleged their damages as the difference between the reasonable market value of the land before and after the "damage and pollution of said irrigation wells and the underground water supply."

Defendant's amended answer filed subsequent to the amended petition specially excepted to certain additional factual allegations on the ground that it affirmatively appeared that the cause of action sought to be asserted by such additional allegations

was barred by the two year statute of limitations. This amended answer also plead said statute in bar of such cause of action as a fact pleading.

In addition, defendant filed a motion for a partial summary judgment, based on the two year statute of limitation (Art. 5526), in which after setting forth in detail portions of extracts from plaintiffs' original and amended petitions, defendant averred:

"From the foregoing it affirmatively appears that by the amended petition the Plaintiffs are seeking *to recover damages against this Defendant for the alleged damage to their land, including the water strata thereunder and the destruction of the water wells thereon, upon an entirely different set of facts and arising out of entirely different transactions and occurrences that those alleged in their Original Petition, the transaction or occurrence plead by the Original Petition, and whereby damage is claimed to the land, being the one overflow of the salt water disposal pit on April 20, 1961; while the amended petition seeks a right of recovery for damages to the land and, for the first time, to the water strata thereunder and the destruction of the water wells thereon, by a combination of the transaction or occurrence on April 20, 1961, the one overflow from the salt water pit, coupled with claims of percolation and seepage from the salt water pit and the wells being operated by the Defendant, alleged to have occurred over a continuing period of time from April 20, 1961, to the time of the filing of such Amended Petition (and the allegations of said Amended Petition would even encompass claims of damage for pollution and seepage from the salt water disposal pit at times prior to April 20, 1961), and therefrom it affirmatively appears that each and every day of seepage or pollution to Plaintiffs' lands on and after April 20, 1961, from the salt water pit or the oil and gas wells in question, would constitute a separate transaction and a separate occurrence from the one act of overflow on April 20, 1961, or in any event, the continued percolation and seepage over any period of time would be such a separate transaction or occurrence.

Defendant attaches hereto and makes a part hereof for all purposes the Affidavit of one of the executive officials of the Defendant, Grace Oil Company, whereby it affirmatively appears that the Defendant sold its said Trigg Lease and the oil and gas wells thereon, and its surrounding leases, on April 30, 1963, and has not operated said leases or said salt water disposal pit or said wells at any time since said date—and, therefore, if any pollution has occurred from said lease or said salt water pit as a result of percolation or seepage since April 30, 1963, the same has not been due to any act or conduct of Defendant, and for which Defendant could be in nowise liable.

Defendant asserts and shows unto the Court from the foregoing, and the pleadings of the parties and the attached affidavit, that it affirmatively appears that so much of the cause of action asserted by Plaintiffs in their First Amended Original Petition as is claimed to have occurred and resulted from percolation and seepage from the leasehold estate of this Defendant and/or the salt water disposal pit located thereon, prior to April 30, 1963, is long since barred by the two years statute of limitations of the State of Texas, and that said cause of action has not been tolled by the filing of Plaintiffs' Original Petition herein, in that, the cause of action asserted in Plaintiffs' Original Petition is based upon an entirely different and distinct transaction or occurrence from the transactions and occurrences alleged in said Amended Petition relative to seepage and percolation, and the damages claimed to have resulted therefrom. * * *"

By order signed January 4, 1968, the trial court granted an interlocutory partial summary judgment, leaving to the plaintiffs

the right to litigate only their damages to the West 25 acres of Section 34 claimed to have been occasioned by negligence of the defendant in permitting salt water to overflow and escape from its salt water pit on April 20, 1961, and holding all other alleged damages barred by limitation. However, in response to plaintiffs' motion to clarify said order, the trial court by order signed February 1, 1968, set aside the above interlocutory order, and severed what it found to be separate causes of action plead by plaintiffs, the said order of severance reading on this particular as follows:

"II.

That the cause of action asserted by the plaintiffs, J. W. Benson, Joe K. Benson and The Sinton Girl Scout Neighborhood Association of the Whooping Crane Girl Scout Council, Inc., in their pleadings in this cause against the defendant, Grace Oil Company, as set forth in the Plaintiffs' Original Petition and in their First Amended Original Petition herein, for the recovery of damages from the defendant to the West 25 acres of Section 34 of the John Pollan Survey in San Patricio County, Texas, occasioned or claimed to have been occasioned by negligence of the defendant Grace Oil Company, in permitting salt water to overflow and escape from the defendant's salt water disposal pit on Section 23 of the John Pollan Survey in San Patricio County, Texas, on one occasion, to-wit, on April 20, 1961, and all issues relating to said cause of action, be and the same are hereby severed from the cause of action (and all issues relating thereto) asserted by the plaintiffs, J. W. Benson, Joe K. Benson and The Winton Girl Scout Neighborhood Association of the Whooping Crane Girl Scout Council, Inc., in their First Amended Original Petition herein against the defendant, Grace Oil Company, for damages claimed to have been sustained to a portion of Tracts 34, 48, 47, 52, 52a, 49 and 51 of the John Pollan Survey in San Patricio County, Tex-

as, aggregating approximately 90 acres of land, by claimed negligence of the defendant Grace Oil Company in permitting salt water and alkaline solutions to seep and percolate from salt water disposal pits adjacent to the above described lands, and whereby it is claimed that the water strata under said lands, and the water wells thereon, were damaged and injured; said severed action first above described, concerning said 25 acres of land, to remain upon the docket of this court and to stand for trial as No. 11,748, styled J. W. Benson, et al., vs. Grace Oil Company, and said second cause of action concerning said 90 acres of land and the water wells and nursery stock, etc., thereon, to remain upon the docket of this court and to stand for trial as Cause No. 11,748–A, styled J. W. Benson, et al., vs. Grace Oil Company; and it being further ORDERED AND DECREED by the Court that separate trials shall be had of said severed causes of action and separate judgments rendered therein, and any party thereto shall have the right of appeal from said separate judgments so to be rendered in said separate causes of action." (Emphasis added)

The court then, by order entered the same day, in No. 11,748–A rendered summary judgment for the defendant against all claims and demands asserted by plaintiffs in their amended petition in this severed cause. Appeal is from such judgment.

Appellants' two points of error read:

*"POINT OF ERROR NO. ONE:* The Trial Court erred in rendering summary judgment for Appellee where the amended petition of Appellants asserted a cause of action which was wholly based upon and grew out of the original transactions and occurrences presented in the Plaintiffs' (Appellants) Original Petition.

*"POINT OF ERROR NO. TWO:* Where the cause of action declared upon in the original and amended petitions are not wholly based upon distinct or different transactions and occurrences, the

cause of action in the amended petition was saved from the bar of the two year statute of limitation by the provisions of Article 5539b, and the Court thereby erred in granting summary judgment sustaining the Defendant's (Appellee) Plea of Limitation."

Appellee responds by counterpoint as follows:

*"COUNTER POINT OF ERROR TO APPELLANTS' POINTS OF ERROR NOS. ONE AND TWO.*

"Since the amended petition of Appellants, which was filed more than two years after the filing of their original petition, asserted a new cause of action against Appellee which was wholly based upon and grew out of entirely different transactions and occurrences than those presented by Appellants' original petition, the Trial Court correctly rendered a partial summary judgment for Appellee."

In determining whether appellants' claims as alleged in the new matter added in the amended petition, and which are covered in this severed portion of their case, are barred by limitation, it is necessary, under Art. 5539b, supra, to determine whether such allegations are wholly based upon and grow out of a new, distinct or different transaction or occurrence not set forth or declared on in the original petition. In this connection, we quote as follows from Leonard v. Texaco, Inc., Tex.Sup.Ct. (1967) 422 S.W. 2d 160, on p. 163:

"In Global Corporation v. Vincent, 156 Tex. 398, 295 S.W.2d 640 (1956), this Court quoted with approval the following from Texas Pacific Coal & Oil Co. v. Smith, 130 S.W.2d 425 (Tex.Civ.App. 1939, writ dis'm judgm. cor.):

'Unless the cause of action alleged in an amended pleading involves a different transaction from that in the original pleading, the latter having declared upon a cause of action not then barred, it is immaterial that the cause of action alleged in the amended plead-

ing be different from the cause of action originally alleged. The test which Vernon's Ann.Civ.St. art. 5539b makes proper is whether or not the cause of action alleged in the amended pleading be 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.' Farmers & Merchants Nat. Bank v. Arrington, Tex. Civ.App., 98 S.W.2d 378, 379; Universal Life & Accident Ins. Co. v. Johnson, Tex.Civ.App., 120 S.W.2d 314.'"

The Court in *Leonard* again declared this to be the proper test under Art. 5539b.

Plaintiffs did *not* allege in their original petition that their damages were occasioned by negligence of the defendant in permitting salt water to overflow and escape from its disposal pit "on one occasion, to-wit, on April 20, 1961." Plaintiffs *did* allege in Paragraph II of their original petition, which was repeated in the amended petition, that "on *or about* April 20, 1961," defendant was operating certain wells on its lease and that *"in the course of such operation"* the pit was negligently permitted to overflow and discharge a portion of its contents *"into and upon"* plaintiffs' lands. These allegations would not limit plaintiffs to proof of only one act of overflow on April 20, 1961; the allegation of *on or about* that date has reference to the fact that during that general period, defendant was operating wells on its lease. It was during such operation that the negligence in permitting the pit to discharge the poisonous waters *into* and upon plaintiffs' lands was alleged to have occurred. These allegations were repeated in the amended petition.

There were allegations in the original petition of percolation and seepage of the chemically charged water, and of invasion of the poisonous waters onto and into plaintiffs' lands, and of damage to creeks and waterways, and in our opinion, plaintiffs' allegations in items 6 and 7 in their amended petition were merely elaborations and specifications of such allegations, and not

**104**

averments *wholly* based upon and growing out of new, distinct or different transactions or occurrences.

It is true that plaintiffs in their original petition alleged damage to only the West half of Tract 34, being 25 acres, and in the amended petition filed 4⅓ years later increased this to a 90-acre tract that included part of Tract 34, which apparently from the repeated emphasis on the same damage to the Chiltipin Oak and the pecan trees was the same portion of Tract 34 previously referred to. But the allegations of the damages to such additionally alleged property are not affirmatively shown to have been wholly based upon or to have grown out of any new, distinct or different transactions and occurrences from those alleged in the original petition, and hence under the test set forth and adopted in Leonard v. Texaco, Inc., supra, we feel that such allegations come within the purview of Art. 5539b. City of Corsicana v. King, Tex.Civ.App., 3 S.W.2d 857, Syl. (8), wr. ref. It is immaterial that the cause of action alleged in the amended petition be different from the cause of action originally plead. Expressions to the contrary in Hopper v. Hargrove, Tex.Civ.App., 154 S.W.2d 978, wr. ref., are expressly disapproved in *Leonard* (see (1), p. 163 of 422 S.W.2d.).

 We have heretofore set out in detail the essential allegations of both of plaintiffs' pleadings. No special exceptions were addressed to plaintiffs' amended petition as to the generality of any allegations therein contained. In the absence of special exceptions, the pleading will be liberally construed in the pleader's favor and especially so in summary judgment proceedings. Hatten v. Mohr Chevrolet Company, Tex.Civ.App., 366 S.W.2d 945, n. w. h. In our opinion there is no separate cause of action plead in the amended petition which is affirmatively shown to be *wholly* based upon and which grows out of a new, distinct or different transaction and occurrence not included within the allegations of the original petition.

We believe that summary judgment is not applicable to the pleadings in this case. If the defendant desired more specific pleadings as to when certain transactions happened which it contends did not involve the same occurrences or transactions as were complained of in the original petition, it could have levelled special exceptions at the amended petition to require plaintiffs to plead more specifically. Troy Construction Co. v. North Carolina Natural Gas Corporation, Tex.Civ.App., 316 S.W.2d 957, 960, wr. ref., n. r. e.

Appellants' points of error are sustained.

In view of our holdings above, the order of severance should be set aside when this cause reaches the trial court on remand.

Reversed and remanded.