Franklin T. GRAHAM, Jr., Appellant,

v.

Roy C. TURCOTTE and Louis F. Guzik, Jr., Appellees.

No. 1897.

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1982.

Lee Arnett, Brownsville, for appellant.

Charles Vernon Willette, Jr. and Jerry Covington, Brownsville, for appellees.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

Appellees, plaintiffs below, brought suit against National Bank of Commerce (bank), E. B. Roberts, Jr., (trustee), and Franklin T. Graham, Jr. (Appellant), alleging among other grounds, that excessive attorney's fees were charged in connection with the collection of a real estate lien note executed by appellees to the bank. At the conclusion of appellees' testimony the trial court granted an instructed verdict in favor of the bank and trustee. No appeal is taken by appellees to the action of the trial court in this regard. Based upon the jury's answers to certain special issues as to excessive attorney's fees, judgment was entered against appellant from which he now appeals.

The facts are as follows. Appellees entered into a monthly payment real estate lien note with the National Bank of Commerce in Brownsville whereby they obligated themselves to pay the sum of $180,000 plus interest. The note which the appellees signed contained a clause stating that if the note had to be turned over to an attorney for collection, then the appellees would be liable for an additional 10% of the principal and interest, then owing, as attorney's fees. After numerous late payments, appellees were held to be in default by the bank and the note was placed in appellant's hands for

collection. Appellant sent a letter to the appellees demanding payment of the note plus attorney's fees and then posted a notice of a foreclosure sale. Thereafter appellees talked extensively with the bank officers and tendered the amount of principal and interest then due and owing, to wit ($179,839.61). However, appellees refused to pay the contractual attorney's fees, claiming such fees to be unreasonable. The bank refused to accept payment without the attorney's fees and told appellees to take that matter up with appellant. Appellant happened to be in the bank at that time and stopped in briefly to discuss the matter but the problem was not resolved. After appellant left, appellees and the bank then entered into a compromise agreement whereby appellees would pay as attorney's fees 25% of the 10% or $4,497.21. Appellees paid to the bank the principal and interest due and owing at the time plus a separate check for the amount of attorney's fees. Releases of the note and deed of trust were subsequently signed by officers of the bank. Appellant did not sign the releases.

Appellees filed suit against the bank and trustee alleging usury, several business and commerce code violations, not germane to this case, and for excessive attorney's fees and against appellant for excessive attorney's fees. After the appellees rested, instructed verdicts were granted to the bank and the trustee but appellant's motion for instructed verdict was denied. Special issues were submitted to the jury who found that $4,497.21 was an unreasonable fee and that $300.00 would have been a reasonable fee under the circumstances. Judgment was accordingly entered for the appellees in the amount of $4,197.21, an amount equal to the $4,497.21 already paid less the reasonable fee of $300.00.

■ This type of contractual obligation for payment of attorney's fees is considered as a contract to indemnify the holder of the note for attorney's expenses actually incurred in collecting the principal and interest on the note. A party to such type of contractual attorney's fees is entitled to have them reduced upon a showing that the contractual amount is unreasonable. *Hernandez Construction & Supply Co., Inc. v. National Bank of Commerce*, 578 S.W.2d 675 (Tex.1979), *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948 (1960). However, in order to be able to sue for or assert an affirmative defense of unreasonableness of such type of contractual attorney's fees one must be a party to the contract. A person cannot recover under a contractual theory in absence of showing privity of contract or some special relationship, such as a third party beneficiary contract. In *Republic National Bank v. National Bankers Life Ins. Co.*, 427 S.W.2d 76 (Tex.Civ.App.—Dallas 1977, no writ), the Court stated:

"It is an elementary rule of law that privity of contract is an essential element of recovery in an action based on contractual theory. Thus generally in order to maintain an action to recover damages flowing from the breach of a written agreement it is ordinarily a necessary prerequisite that there be a privity existing between the party damaged and the party sought to be held liable for the repudiation of the agreement. *Gehl Bros. Mfg. Co. v. Price's Producers, Inc.*, 319 S.W.2d 955 (Tex.Civ.App.—El Paso 1958); 13 Tex.Jur.2d, Contracts, § 367, p. 643; 17A C.J.S. Contracts § 518, p. 940."

■ Appellee Turcotte's testimony at the trial illustrates the lack of any type of relationship between appellant and appellee. With regard to agreeing on a fee for attorney's work in collection of the note Turcotte testified as follows:

"Q. Mr. Turcotte, did you ever, prior to the time you delivered that to Mr. McGinnis (a bank officer), speak to Mr. Graham about that amount of money as his attorney's fees?

A. No, sir. I didn't.

Q. That was arranged directly through the National Bank of Commerce?

A. Mr. McGinnis.

Q. He told you what to do in regards to the attorney's fees?

A. He certainly did."

With regard to the actual payment of the money for attorney's fees Turcotte testified as follows:

"Q. Now it has been stipulated, Mr. Turcotte, that $4,544.76 was paid to Franklin T. Graham on November 3, 1978, for his attorney's fees in connection with the December 30, 1977 note?

A. Yes, sir.

Q. Did you pay Mr. Graham directly?

A. No, sir. I did not.

Q. Whom did you pay?

A. The National Bank of Commerce."

In the instant case there are two agreements with respect to attorney's fees. First there is appellees' contractual agreement with the bank to pay attorney's fees and secondly, there is the bank's agreement with appellant to pay attorney's fees. In neither instance are appellant and appellees party to the same contract to pay attorney's fees.

The appellees have failed to show that any privity of contract exists between them and the appellant, nor have they shown any special relationship which would entitle them to sue the appellant directly. *Gehl Bros. Mfg. Co. v. Price's Producers, Inc.,* 319 S.W.2d 955 (Tex.Civ.App.—El Paso 1958, no writ), *Texas Bank & Trust Co. v. Lone Star Life Ins. Co.,* 565 S.W.2d 353 (Tex.Civ.App. —Tyler 1978, no writ).

Although appellees initially sued the bank and trustee in addition to appellant, both the bank and trustee were granted instructed verdicts in their favor. Appellees did not appeal from the trial court's action in granting the instructed verdicts, therefore nothing in that regard is presented for our review.

The judgment as to appellant, Franklin T. Graham, Jr., is reversed and judgment rendered.