Ada Elizabeth JEAN, Appellant,

v.

Dr. Stanley C. JONES, Appellee.

No. 01–83–00041–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 17, 1983.

Rehearing Denied Jan. 19, 1984.

Benton Musslewhite, Houston, for appellant.

John L. Gemoets, Alice Giessel, James F. Tyson, Houston, for appellee.

Before EVANS, C.J., and BASS and DUGGAN, JJ.

## OPINION

BASS, Justice.

This is an appeal from a summary judgment entered in a medical malpractice case.

The judgment is affirmed.

On May 6, 1977, appellant, Ada Elizabeth Jean, filed this medical malpractice action against two physicians, Dr. Rylee and appellee, Dr. Jones, alleging they had been negligent in both the treatment of and subsequent surgery on her herniated disc on June 6, 1974. In addition, appellant alleged that Dr. Jones failed to inform her of the dangers and risks incident to the operation, a laminectomy, and that this failure resulted in there being no informed consent for the operation which was performed. After filing her cause of action, the appellant took Dr. Rylee's deposition, discovered he had not participated in the operation, and then dismissed him from the lawsuit.

In his first amended answer, appellee asserted that his care of the appellant was reasonable within the accepted standards of medical practice and, further, that appellant's cause of action was barred by the appropriate two year statutes of limitations, Art. 5526 Tex.Rev.Civ.Stat.Ann. (Vernon 1979) and § 5.82 of the Insurance Code. Thereafter, appellee filed an amended motion for summary judgment based on appellant's failure to timely file her cause of action within two years from either the date of injury or the date of last treatment. In her reply to the appellee's motion, the appellant wholly failed to either address the limitations issue or to raise facts which would alert the court to the possible application of the discovery rule or fraudulent concealment. Subsequently, the court granted the motion, and entered judgment for the appellee, Dr. Jones.

On appeal, appellant raises for the first time a defense to the application of the statute of limitations. In her first point of error, appellant contends the trial court erred in entering judgment based on either of the cited statutes of limitations because the discovery rule operated to toll the running of the limitations period. Further, appellant asserts that this court should consider when the alleged malpractice was discovered in determining whether the trial court erred in granting the motion for summary judgment. The applicable dates which were presented to the trial court for its determination of the limitations issue were as follows:

6-24-74   Surgery was performed by Dr. Jones.

1-13-75   Final treatment of the appellant by Dr. Jones.

6-24-76   Two years after the date of injury.

1-13-77   Two years after the date of final treatment.

5-06-77   Suit filed in district court.

7-19-75   Appellant contends she discovered the injury.

7-19-77   Two years after the date of the alleged discovery.

The appellant should have argued to the trial court that the limitations period was tolled prior to its ruling on the appellee's motion for summary judgment. It would be improper for this court to hold the trial judge's action erroneous when the only means by which that court could have avoided the error was by proper presentation of the issue by the appellant's own counsel.

As presented to the trial court, the appellee's assertion of a defense of statute of limitations appears valid. Furthermore, Rule 166-A(c) Tex.R.Civ.Pro. provides:

Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

A review of the summary judgment record indicates no pleading or proof presented to the trial court in appellant's reply to the motion for summary judgment to rebut the limitation claim or to assert that the running of the statute of limitation was tolled, based on the discovery rule or fraudulent concealment. Although it was appellant's duty to do so, she did not urge these issues to the trial court, and therefore failed to preserve the error complained of for appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); Rule 166-A(c), *supra.*

Appellant's first point of error is overruled.

Appellant's second, third and fourth points of error are dependent upon an affirmative finding on the limitations issue. Therefore, in view of our disposition of appellant's first point of error, her other points of error become immaterial and are not addressed.

The judgment of the trial court is affirmed.