**Kathleen Jackson DICKEY, et al., Appellants,**

v.

**Donald O. JANSEN, et al., Appellees.**

**No. 01–86–0657–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 9, 1987.

Rehearing Denied May 14, 1987.

John Gano, Gano & Donovan, Houston, for appellants.

Murray Fogler, Fulbright & Jaworski, Houston, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

Appellant, Kathleen Jackson Dickey, individually and as next friend of her living

descendants, sued her late brother's attorney, Donald O. Jansen, and his law firm, Fulbright & Jaworski, for the negligent preparation of her brother's will. Dickey's deceased brother, Reaves Whitney Jackson, Jr., had employed Jansen to create a trust for the lifetime benefit of his wife, Sarah Schooler Jackson, with the remainder payable to appellants. The trust was to have included mineral interests located in Louisiana. However, Louisiana law does not recognize as valid and enforceable the trust provision of Reaves's will.

Appellants alleged essentially that Jansen negligently prepared the ineffectual trust provision, to which appellees answered with a general denial. In addition, appellees moved for summary judgment alleging that "an attorney is not liable to ... those not in privity with attorneys ... for alleged failure to perform duties which the attorney owes only to his clients." Appellants did not answer appellees' motion for summary judgment. The trial court granted appellees' motion, dismissing appellants' claims with prejudice.

Appellants assert in their first four points of error that the trial court erred in granting appellees' motion because they are entitled to maintain this action against Jansen as third party beneficiaries of his employment contract with Reaves. Appellants claim that appellees owe a duty of care to third party beneficiaries and that privity is not a prerequisite to the existence of a cause of action by third party beneficiaries.

■ Appellees assert that summary judgment was granted to them on a theory of negligence as pleaded by appellants, and that appellants did not plead a theory of third party beneficiary to an employment contract. They further allege that Texas law does not recognize a contractual cause of action against an attorney asserted by any party not in privity of contract with the attorney. The facts show that appellants pled "(a)s a direct and proximate result of the said negligence of the defendant, Jansen, the plaintiffs have been damaged...." This pleading asserts only a negligence cause of action. Texas law does not recog-

nize a negligence cause of action in these circumstances, on the theory that an attorney owes a duty only to those parties in privity of contract with him. *Berry v. Dodson, Nunley & Taylor, P.C.*, 717 S.W.2d 716, 718 (Tex.App.—San Antonio 1986, writ dism'd by agr.) (intended beneficiaries under a will were denied recovery because they were not in privity). Indeed, Texas law contains many examples of a third party's inability to sue an attorney in negligence. *First Municipal Leasing Corp. v. Blankenship, Potts, Aikman, Hagin & Stewart*, 648 S.W.2d 410, 413 (Tex.App.—Dallas 1983, writ ref'd n.r.e.) (third party buyer denied recovery because it was not in privity of contract with seller's attorney for an opinion on the validity of buyer and seller's contract); *Bell v. Manning*, 613 S.W.2d 335, 339 (Tex.Civ. App.—Tyler 1981, writ ref'd n.r.e.) (third party denied recovery on a construction contract because it was not in privity of contract); *Bryan & Amidei v. Law*, 435 S.W.2d 587, 593 (Tex.Civ.App.—Fort Worth 1968, no writ) (third party denied the ability to contest a contingent fee contract). Accordingly, since Texas law does not recognize a cause of action for negligence against an attorney asserted by one not in privity with that attorney, and since appellants raised only negligence as a possible theory of recovery, the trial court correctly awarded summary judgment to appellees.

■ Even assuming that appellants properly raised their contention that they are entitled to maintain this action against Jansen as third party beneficiaries of his employment contract with Jackson, Texas cases hold to the majority view that persons outside the attorney-client relationship have no cause of action for injuries they might sustain due to the attorney's failure to perform or his negligent performance of a duty owed to his client. *Berry*, 717 S.W.2d at 718; *see also* Annotation, *Attorney's Liability To One Other Than His Immediate Client, For Consequences of Negligence in Carrying Out Legal Duties*, 45 A.L.R.3d 1181, 1185 (1972).

Texas authorities have consistently held that third parties had no standing to sue

attorneys on causes of action arising out of their representation of others. *Graham v. Turcotte*, 628 S.W.2d 182, 184 (Tex.App.—Corpus Christi 1982, no writ) (mortgager could not sue mortgagee's attorney claiming excessive fees were exacted on foreclosure); *Martin v. Trevino*, 578 S.W.2d 763, 770 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.) (doctor was not allowed to sue plaintiff's attorneys for alleged bad faith medical malpractice claims); *Swafford v. Holman*, 446 S.W.2d 75, 79 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.) (third party could not sue attorney for wrongful attempt to enforce a foreclosure); *Morris v. Bailey*, 398 S.W.2d 946, 948 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.) (third party may not file a claim against an attorney because he filed a motion for continuance). It is obvious that opening attorney-client contracts to third party scrutiny would entail a vast range of potential liability. *See* 45 A.L.R. at 1184, 1185. In the absence of clear and persuasive authority to overrule long-standing precedent, we decline to do so.

Appellants' first, second, third, and fourth points of errors are overruled.

Appellants assert in their fifth and sixth points of error that the trial court erred in denying them the opportunity to amend their pleadings because appellees failed to challenge appellants' standing in verified pleadings pursuant to Tex.R.Civ.P. 93, and because appellees did not challenge the pleadings by special exceptions pursuant to Tex.R.Civ.P. 90.

■ Appellants failed to answer appellees' summary judgment motion. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. Tex.R.Civ.P. 166–A. It is also well settled that unless a non-movant against whom summary judgment is granted has filed a response to the motion for summary judgment, the only issue before the appellate court is whether the grounds expressly presented by the movant's motion at trial are insufficient as a matter of law to support the summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Jean v. Jones*, 663 S.W.2d 56, 57 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Hittner, *Summary Judgments in Texas*, 22 Hous.L.Rev. 1109, 1117 (1985). Appellants may not, therefore, assert on appeal appellees' failure to challenge appellants' standing under rule 93 because they failed to present this issue to the trial court. *City of Houston*, 589 S.W.2d at 678. In addition, although appellants would normally be given an opportunity to amend their pleadings after appellees' special exceptions had been sustained, *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983), "[t]here being no complaint in the trial court that the attack upon the pleading defect came in the form of a motion for summary judgment rather than special exception," this matter could not be raised for the first time on appeal. *Farrell v. Crossland*, 706 S.W.2d 158, 160 (Tex. App.—El Paso 1986, writ dism'd). The trial court must be given a fair opportunity to correct any error. Appellants have waived their special exceptions and verified pleadings arguments by their failure to preserve these arguments for review.

Appellants' fifth and sixth points of error are overruled because they have failed to preserve error.

Accordingly, the judgment of the trial court is affirmed.

EVANS, C.J., dissents.

EVANS, Chief Justice, dissenting.

I disagree with the holding of the majority that the appellants' pleading does not state a valid cause of action under Texas law.

In my opinion, the appellants alleged the essential elements of a third-party beneficiary action against the appellees. The appellants alleged their relationship with the testator; described their beneficial interest as devisees under the testator's will; asserted that the testator had created the will for their benefit; and claimed that the attorney, who had prepared the will, represented to the testator that the will was legally and properly drawn and would effectively carry out his wishes. The appel-

lants alleged that because of the scrivener's negligence and malpractice in preparing, authoring, planning, and making the will, the testator's Louisiana properties never became part of the trust res, resulting in their damage and loss. The appellants further alleged that the scrivener had either actual or constructive knowledge that the trust provisions violated Louisiana law, and that the Louisiana properties, which the testator intended to be placed in trust for them, did not pass to them as the testator had intended.

The appellees did not urge special exceptions to the appellants' petition, and because the appellees' motion for summary judgment is directed solely to the appellants' petition, we must liberally construe and consider as true all allegations of fact therein contained. *See Hatten v. Mohr Chevrolet Co.*, 366 S.W.2d 945, 946 (Tex. Civ.App.—Dallas 1963, no writ); *Benson v. Grace Oil Co.*, 430 S.W.2d 98, 104 (Tex.Civ. App.—Corpus Christi 1968, no writ).

The majority opinion applies the general rule that an attorney is liable only for negligent performance of duty to his client, not to incidental parties who are not in privity of contract with him. *See Bryan & Amidei v. Law*, 435 S.W.2d 587, 593 (Tex. Civ.App.—Fort Worth 1968, no writ). In my opinion, the general rule should not be applied in circumstances, such as those present here, where the client directs the attorney to prepare an agreement for the benefit of designated third parties. This is especially true where the intended beneficiaries of a will seek redress for negligent drafting of a will provision created for their express benefit. In such a case, it is the beneficiaries, not the testator, who are directly injured by the scrivener's breach of duty. The consequences of such a breach are clearly foreseeable, and the beneficiaries are not merely incidental parties affected by a contract, so the policies behind the general rule should not bar recovery here. *See* Annotation, *Attorney's Liability, To One Other Than His Immediate Client, For Consequences of Negligence in Carrying Out Legal Duties*, 45 A.L.R. 3rd 1181, 1196 (1972).

The trend of decisions in other jurisdictions has been to allow third-party benefi-

ciary actions where the plaintiffs are the intended beneficiaries of a negligently drafted will. *See Lucas v. Hamm*, 56 Cal.2d 583, 364 P.2d 685, 688, 15 Cal Rptr. 821, 824 (1961), *cert. denied*, 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962); *Biakanja v. Irving*, 49 Cal.2d 647, 320 P.2d 16, 19 (1958); 45 A.L.R. at 1181–96. Indeed, in the Texas decision relied upon by the majority, the court recognized this trend in the case law, even though it felt bound to follow the general rule. *Berry v. Dodson, Nunley & Taylor, P.C.*, 717 S.W.2d 716, 718 (Tex.App.—San Antonio 1986, writ dism'd by agr.). But the facts in *Berry* are somewhat different than those present here. In that case, the allegation was not that the testator's attorney had been guilty of negligent draftsmanship, but that he had not exercised diligence in having the will prepared for execution before the testator died. *Id.* at 717.

In this case, the appellants' petition sets forth the essential elements of a third-party action, based upon an alleged breach of duty in drafting a decedent's will. *See* Restatement (Second) of Contracts, sec. 302 (1979). In my opinion, the trial court erred in holding, as a matter of law, that the appellants' petition did not allege a legal right and duty recognizable under Texas law.

I would reverse the trial court's summary judgment and remand the case for further proceedings.