**Opinion issued April 2, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00057-CV

———————————

**H-TOWN CAR STEREO, LLC, Appellant**

**V.**

**TARSINA LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1194040**

---

## MEMORANDUM OPINION

In this forcible detainer action, the county court entered judgment awarding possession of commercial real property, past-due rent, post-judgment interest, and attorney's fees to appellee Tarsina LLC. In two issues on appeal, appellant H-Town

Car Stereo, LLC ("H-Town") argues that the county court erred by awarding Tarsina past-due rent, interest, and attorney's fees because these awards were not supported by (1) the pleadings; and (2) legally sufficient evidence. H-Town does not challenge the part of the judgment awarding Tarsina possession of the subject commercial property.[1] We affirm in part and reverse and render in part.

## Background

The parties entered into a sixty-month triple-net commercial lease agreement effective June 1, 2018. The lease conveyed to H-Town possession of an office and warehouse building located on approximately one acre of land in Houston. H-Town used the subject property to facilitate its business selling and installing car stereos, wheels, and related products and services. Under the lease, the first rent payment was due on September 1, 2018. The monthly rent was $7,000 for the first thirty-six months of the lease and $8,000 for the remaining twenty-four months. The lease expressly provided that H-Town's "[f]ailure to pay Rent on the date when due" constituted an "Event of Default," which would entitle Tarsina to exercise certain specified remedies, including termination of the lease, repossession of the subject property, and recovery of unpaid rent.

---

[1]     *See* TEX. PROP. CODE § 24.007 ("A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only.").

In September 2022, Tarsina filed an eviction suit against H-Town in justice court. *See* TEX. PROP. CODE § 24.002(a)(1) (authorizing suit for forcible detainer against tenant "who refuses to surrender possession of real property on demand" after termination of tenant's right of possession). Tarsina alleged that H-Town ceased paying rent in July 2022 with one year remaining on the lease. The following month, in August 2022, Tarsina's attorney sent a certified letter to H-Town terminating the lease for failure to pay rent and demanding that H-Town immediately vacate the property. Tarsina alleged that H-Town was guilty of forcible detainer, and Tarsina requested possession of the property. Tarsina expressly disclaimed in its petition any request for past due rent, late fees, and attorney's fees. Tarsina attached to its petition the lease agreement and the notice terminating the lease.

Acting pro se, H-Town filed an answer generally denying Tarsina's allegations and asserting several affirmative defenses. The record indicates that H-Town did not appear at trial, and the justice court entered a default judgment awarding Tarsina possession of the property. The justice court's judgment awarded Tarsina $0 for past-due rent and attorney's fees.

In October 2022, H-Town filed a notice of appeal of the justice court's judgment, which entitled H-Town to a trial de novo in county court. *See* TEX. R. CIV. P. 510.9(a) (authorizing party to appeal eviction judgment), 510.10(c) (providing that appeal of eviction judgment is to county court for trial de novo).

The following month, in November 2022, Tarsina filed a motion for default judgment in the county court requesting possession of the property. Like the petition originally filed in the justice court, the motion expressly disclaimed any damages for "past due rent, late fees or attorney's fees[.]" The motion asserted two grounds for judgment. First, Tarsina argued that under Rule of Civil Procedure 510.9, H-Town could only retain possession of the property if it continued paying rent into the court's registry, but H-Town had not done so. Tarsina argued that it was entitled to judgment because it only sought possession of the property. Second, Tarsina argued that H-Town did not file an answer, which entitled Tarsina to default judgment for possession. Tarsina supported the motion with the lease agreement and the justice court's judgment awarding possession of the property to Tarsina.

H-Town filed numerous documents in response to Tarsina's motion. These documents included an unsworn, handwritten timeline of events purportedly showing H-Town's payments of and attempts to pay rent through August 2022. Emails, photographs, and cancelled checks indicated that H-Town delivered or attempted to deliver rent payments to Tarsina through August 2022, the month Tarsina sent the certified letter terminating the lease.

On January 24, 2023, the county court signed a final judgment awarding possession of the subject property to Tarsina. The judgment also awarded Tarsina

$20,000 in past-due rent, post-judgment interest, and $1,250 in attorney's fees.[2] This appeal followed.[3]

## Sufficiency of the Pleadings

In its first issue, H-Town argues that the county court erred by awarding Tarsina past-due rent and attorney's fees because Tarsina did not plead for this relief. We conclude that H-Town has not preserved this issue for appellate review.

To preserve error, the appellate record must show that the appellant raised the complaint in the trial court by timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). A trial court must be given a fair opportunity to correct non-jurisdictional error before a party may complain about such error on appeal. *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *see also*

---

[2] The final judgment also set a supersedeas bond in the amount of $80,000, but the appellate record does not reflect that H-Town posted a supersedeas bond. *See id.* (prohibiting stay of county court's final judgment in eviction suit pending appeal unless appellant timely files supersedeas bond in amount set by county court); *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006) ("[T]here is no language in [Property Code section 24.007] which purports to either impair the appellate rights of a tenant [who does not post a bond] or require a bond be posted to perfect an appeal.").

[3] For reasons that are unclear from the appellate record, H-Town filed a notice of appeal five days before the county court signed the final judgment. "In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." TEX. R. APP. P. 27.1(a); *see also* TEX. R. APP. P. 26.1 (providing that period to file notice of appeal runs from date judgment was signed). Thus, H-Town's notice of appeal was effective and deemed filed on January 24, 2023, the date the county court signed the judgment. *See* TEX. R. APP. P. 26.1, 27.1(a).

*Whallon v. City of Houston*, 462 S.W.3d 146, 155 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (stating that fundamental error, such as lack of subject-matter jurisdiction, may be raised for first time on appeal). The error-preservation rule applies to the issue whether the pleadings support the judgment. *In re D.T.M.*, 932 S.W.2d 647, 652 (Tex. App.—Fort Worth 1996, no writ); *Siegler v. Williams*, 658 S.W.2d 236, 240 (Tex. App.—Houston [1st Dist.] 1983, no writ).

For the first time on appeal, H-Town challenges the sufficiency of the pleadings to support the part of the judgment awarding Tarsina past-due rent and attorney's fees. The record does not show—and H-Town does not argue on appeal—that H-Town raised this complaint to the county court. *See* TEX. R. APP. P. 33.1(a)(1); *In re D.T.M.*, 932 S.W.2d at 652 ("Attacks against the adequacy of the pleadings are waived by not making an objection to inform the trial court of the nature of the complaint."); *Siegler*, 658 S.W.2d at 240 (stating that "although a judgment must conform to the pleadings, any error in this regard is waived where the party fails to object to the amount of the judgment"). Because H-Town did not raise its pleadings-sufficiency challenge in the county court, we conclude that H-Town has not preserved this issue for appellate review. *See* TEX. R. APP. P. 33.1(a)(1).

We overrule H-Town's first issue.

**Sufficiency of the Evidence**

In its second issue, H-Town argues that the county court erred by awarding past-due rent and attorney's fees because these awards were not supported by legally sufficient evidence. Tarsina did not respond to this argument.[4]

H-Town did not challenge any part of the judgment in the county court. Unlike a challenge to the sufficiency of the pleadings, however, a party in a civil nonjury case may raise a legal or factual sufficiency challenge for the first time on appeal. *See* TEX. R. APP. P. 33.1(d); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 512 (Tex. 2014) (stating that nonmovant who fails to raise any issues in response to summary judgment motion in trial may still raise appellate challenge to legal sufficiency of grounds presented by movant); *Atl. Shippers of Tex., Inc. v. Jefferson Cnty.*, 363 S.W.3d 276, 285 (Tex. App.—Beaumont 2012, no pet.) (concluding that Rule 33.1(d) authorized party to challenge legal and factual sufficiency of evidence supporting attorney's fees award for first time on appeal). This case is a civil nonjury case, and thus H-Town may argue for the first time on

---

[4] H-Town initially filed a pro se appellate brief raising separate arguments from those addressed in this opinion, and Tarsina filed a responsive brief. Because an entity may not appear pro se in a legal proceeding but instead must be represented by legal counsel, the Court struck H-Town's initial brief. *See, e.g.*, *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam). The Court did not strike Tarsina's responsive brief. Subsequently, H-Town obtained counsel, who filed an amended appellate brief on behalf of H-Town. Tarsina did not file a subsequent brief responding to the arguments raised in H-Town's amended brief. Thus, we reach our decision without the benefit of Tarsina's position.

appeal that legally insufficient evidence supports certain relief awarded in the judgment. *See* TEX. R. APP. P. 33.1(d); *Amedisys*, 437 S.W.3d at 512.

We review a trial court's findings for sufficiency of the evidence under the same standards we use to review the evidence supporting a jury's verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Dao v. Mission Bend Homeowners Ass'n, Inc.*, 667 S.W.3d 304, 317 (Tex. App.—Houston [1st Dist.] 2022, no pet.). In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Dao*, 667 S.W.3d at 317. We will sustain a legal sufficiency challenge if the record shows the following: (1) a complete absence of evidence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *City of Keller*, 168 S.W.3d at 810 (quotations and citation omitted); *Wood v. Wiggins*, 650 S.W.3d 533, 544 (Tex. App.—Houston [1st Dist.] 2021, pet. denied). The ultimate test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Wood*, 650 S.W.3d at 544 (quoting *City of Keller*, 168 S.W.3d at 827).

Tarsina's motion for default judgment primarily argued that Tarsina was entitled to possession of the subject property because H-Town failed to pay rent into the court's registry as required for H-Town to retain possession during the pendency of its appeal to the county court under Rule 510.9. Rule 510.9 provides that a tenant "who appeals an eviction for nonpayment of rent by filing a Statement of Inability to Afford Payment of Court Costs is entitled to stay in possession of the premises during the pendency of the appeal by" following certain procedures, including paying rent as it becomes due into the court's registry.[5] TEX. R. CIV. P. 510.9(c)(5)(B)(i). Tarsina's motion expressly disavowed any additional relief, specifically past-due rent and attorney's fees.

On appeal, H-Town does not challenge the county court's award of possession; H-Town challenges only the part of the judgment awarding Tarsina past-due rent and attorney's fees. We agree with H-Town that no record evidence supports the awards of past-due rent and attorney's fees. *See City of Keller*, 168 S.W.3d at 810. Tarsina did not request this relief in the county court, and thus it did not rely on any evidence supporting such relief.

Tarsina's motion attached the lease agreement and the justice court judgment, but neither of these documents support the awards of past-due rent and attorney's

---

[5] H-Town filed a Statement of Inability to Afford Payment of Court Costs.

fees. The lease was executed prior to H-Town's alleged default for failing to pay rent. Although the lease provides the amount of H-Town's monthly rent obligation, the lease itself has no bearing on whether H-Town owed unpaid rent after the lease was executed. Nor does the lease have any bearing on whether Tarsina was entitled to any specific amount of attorney's fees. Similarly, the justice court's judgment awarding possession of the subject property to Tarsina awarded $0 for unpaid rent and attorney's fees. Thus, none of the evidence attached to Tarsina's motion established that Tarsina was entitled to past-due rent or attorney's fees. *See id.* (stating that evidence is legally insufficient if record shows complete absence of evidence of vital fact).

We note that Tarsina's petition attached a certified letter that Tarsina allegedly sent to H-Town terminating the lease based on H-Town's default for failure to pay rent. Tarsina did not, however, offer this evidence in support of its motion. "Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court." *Pitts v. Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n*, 622 S.W.3d 596, 599 (Tex. App.—Dallas 2021, no pet.); *Guerinot v. Wetherell*, No. 01-12-00194-CV, 2013 WL 2456741, at *5 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (mem. op.) ("Simply attaching a document to a pleading neither makes the document admissible as evidence nor dispenses with proper foundational evidentiary requirements."). Therefore, we do not consider the

letter attached to Tarsina's pleading in our legal sufficiency review. *See City of Keller*, 168 S.W.3d at 810 (stating that evidence is legally insufficient if rule of law or evidence bars court from giving weight to evidence); *Guerinot*, 2013 WL 2456741, at *5.

We also note that H-Town filed an apparent response to Tarsina's motion and attached numerous documents, most of which did not concern payment of rent and none of which concerned Tarsina's entitlement to attorney's fees. Some documents did concern payment of rent, but they do not constitute legally sufficient evidence supporting the awards of past-due rent and attorney's fees. For example, among the documents are unsworn, unsigned, handwritten notes purportedly showing a timeline of rental payments and attempted rental payments through August 2022. The documents also contain emails, photographs, and cancelled checks purporting to show that H-Town paid or attempted to pay rent to Tarsina at least through August 2022. None of this evidence, however, shows that H-Town owed or failed to pay rent to Tarsina or that H-Town failed to pay rent that was due into the court's registry while H-Town's appeal of the eviction judgment was pending. *See* TEX. R. CIV. P. 510.9(c)(5)(B)(i). Thus, H-Town's evidence does not support the county court's awards of past-due rent and attorney's fees. *See City of Keller*, 168 S.W.3d at 810 (stating that evidence is legally insufficient if record shows complete absence of evidence of vital fact or evidence conclusively establishes opposite of vital fact).

Finally, Tarsina's motion also sought a default judgment on the ground that H-Town "did not file an Answer or anything resembling an Answer in this suit." When a defendant does not file a timely answer after being properly served with citation, the plaintiff may take a default judgment. TEX. R. CIV. P. 239; *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012). In a no-answer default, the defendant admits to the truth of the factual allegations properly pleaded and to liability on any cause of action established by those facts. *Paradigm Oil*, 372 S.W.3d at 183.

Our review of the record indicates that H-Town did file an answer. On appeal, Tarsina concedes multiple times that H-Town filed an answer. Although the record indicates that H-Town filed the answer pro se, an answer filed by a pro se corporate litigant is sufficient to avoid entry of default judgment. *E.g.*, *Coniglio v. Woods*, — S.W.3d —, No. 06-22-00021-CV, 2022 WL 17478499, at *6 (Tex. App.—Texarkana Dec. 7, 2022, pet. denied); *Rhojo Enters., LLC v. Stevens*, 540 S.W.3d 621, 625 (Tex. App.—Beaumont 2018, no pet.); *R.T.A. Int'l, Inc. v. Cano*, 915 S.W.2d 149, 151 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied). Because the appellate record conclusively establishes that H-Town filed an answer, Tarsina was not entitled to default judgment on this basis. *See* TEX. R. CIV. P. 239; *Paradigm Oil*, 372 S.W.3d at 183.

We conclude that the appellate record contains no admissible evidence supporting the portion of the county court's judgment awarding Tarsina past-due rent, post-judgment interest, and attorney's fees. We therefore hold that the evidence is legally insufficient to support these awards. We sustain H-Town's second issue.

## Conclusion

We reverse the part of the county court's judgment awarding Tarsina past-due rent, post-judgment interest, and attorney's fees, and we render judgment that Tarsina take nothing on its claims, if any, for past-due rent, post-judgment interest, and attorney's fees. We affirm the part of the county court's judgment awarding possession of the subject property to Tarsina and issuing a writ of possession.

April L. Farris
Justice

Panel consists of Justices Goodman, Countiss, and Farris.