Opinion issued July 18, 2002








In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00156-CV






D&KW FAMILY, L.P. AND DONALD M. WHITE, Appellants


V.


RAMPART CAPITAL CORPORATION, Appellee






On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 96-03995






O P I N I O N


 In this fraudulent transfer case, we are asked to decide whether the judgment
of the trial court in favor of plaintiff/appellee, Rampart Capital Corporation
("Rampart"), imposing joint and several liability upon defendant/appellant, D&KW
Family, L.P. ("D&KW"), for a judgment on a note entered against
defendant/appellant, Donald M. White ("White"), in a separate proceeding is
supported by the pleadings, and whether it impermissibly adjudicated the rights of
parties not properly before the court. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND


 The relevant facts contained in the briefs of the parties and reflected in the
record are essentially undisputed. During the late 1980's and early 1990's, White
borrowed several hundred thousand dollars from a local bank. Shortly after the bank
failed and was taken over by the Federal Deposit Insurance Corporation, Rampart
purchased the notes in the fall of 1995. In December 1995, Rampart sent White
written notice that it had purchased the notes and advised it wished to work out
payment of the debt. In early January 1996, White and his attorney met with
Rampart's representative to see if they could work out payment of the debt. Rampart
advised White at that time that it intended to file suit to collect the debt if they were
not able to work something out. White indicated that Rampart should not file suit,
because he intended to find a way to settle the debt.

 On January 15, 1996, White and his wife, Kathleen M. White, formed D&KW
Family, L.P., a Texas limited partnership, and transferred virtually all of their non-exempt property to D&KW. That property consisted of real estate, mineral interests,
cash, negotiable instruments, and other property with a total value of approximately
12 million dollars. White owned a 2% general partnership interest and a 48% limited
partnership interest in D&KW, and his wife owned the remaining 50% interest as a
limited partner. Rampart discovered the transfers of property to D&KW and filed this
lawsuit against White and D&KW on January 26, 1996.

 The portion of the suit against White to establish his liability on the notes was
severed and proceeded to trial first. The trial court found White liable to Rampart for
approximately $500,000. White appealed, and the trial court's judgment was
affirmed. While the appeal in the severed case was pending, the present case against
White and D&KW for fraudulent transfer was tried to the court in a two-day trial. 
The trial court concluded that the transfers of property to D&KW were fraudulent,
and ultimately signed a modified final judgment for Rampart against D&KW for all
amounts awarded against White in the severed suit, plus interest and costs.

DISCUSSION


 On appeal, appellants do not challenge the trial court's fact findings or
conclusion that the transfers were fraudulent. Instead, appellants assert: (1) the
judgment erroneously adjudicates the rights of parties not before the court, and (2) no
pleadings support the judgment. Because appellants argue their issues in reverse
order, so shall we address them.


 Judgment Must Be Supported By Pleadings


 In their second issue, appellants argue the judgment against D&KW is not
supported by Rampart's pleadings. Specifically, appellants point out that Rampart
prayed only for the transfers to be set aside and a receiver appointed, but the trial
court instead awarded judgment against D&KW for all amounts awarded against
White in the severed case. Rampart responds first that D& KW has waived any error
in its pleadings and the trial court's judgment by failing to except or object in the trial
court. We agree. 

 In a non-jury case, defects in pleadings must generally be brought to the
attention of the trial court in writing before the judgment is signed, or they are
waived. Tex. R. Civ. P. 90. Under the circumstances of this case, however,
D&KW's complaint that the relief awarded in the judgment is not supported by
Rampart's prayer for relief would not have been apparent until a judgment awarding
different relief was signed. In other words, Rampart's pleadings were not facially
defective, nor were they defective in light of the evidence introduced at trial. Rather,
the pleadings only became defective in light of the actual judgment granting relief
different from that specifically requested in Rampart's prayer for relief. This is not
so much a case of defect in the pleadings as it is a case of a defect in the judgment.
In such a case, we do not think Rule 90 is controlling.

 Still, to preserve error for appellate review, a party must ordinarily (1) present a
valid, timely, and specific request, motion or objection to the trial court and give it
an opportunity to correct the error, or the error is waived. Tex. R. App. P. 33.1; Till
v. Thomas, 10 S.W.3d 730, 734 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 
Here, the record shows D&FW filed two motions to modify, correct, or reform the
judgment--a motion to modify the original judgment, which was granted, and a
motion to modify the modified judgment, which was denied. However, in neither of
its motions to modify, or anywhere else, did D&KW point out to the trial court that
its judgment was not supported by Rampart's prayer for relief. Therefore, we deem
that, similar to trial by consent situations, the issue is not preserved for our review. 
In re D.T.M., 932 S.W.2d at 652; Siegler v. Williams, 658 S.W.2d 236, 240-41 (Tex.
App.--Houston [1st Dist.] 1983, no writ). We overrule appellants' second issue.


 Adjudication of Rights of Parties Not Before the Court


 In their first issue, appellants assert the trial court's judgment against D&FW
adjudicated the rights of Kathleen White in her absence. We disagree. A partnership
is an entity legally distinct from its partners. Texas Westheimer Corp. v. 5647
Westheimer Assocs., 68 S.W.3d 15, 21 (Tex. App.--Houston [1st Dist.] 2001, pet.
denied). Service of citation authorizes judgment against the partnership entity and
the partners actually served. Tex. Civ. Prac. & Rem. Code Ann. § 17.022 (Vernon
1997); Fincher v. B & D Air Conditioning & Heating Co., 816 S.W.2d 509, 512 (Tex.
App.--Houston [1st Dist.] 1991, writ denied). The parties have raised no issue that
D&FW was not properly before the trial court, and the trial court was authorized to
enter judgment against that partnership and White regardless of who the other
partners might have been. We also note that D&KW is a limited partnership, and
thus, as a limited partner, Kathleen would not ordinarily be liable for the obligations
of D&KW. Tex. Rev. Civ. Stat. Ann. art. 6132a-1, § 3.03(a) (Vernon Supp. 2002).

 Further, we agree with Rampart that, regardless of the character of the property
of Kathleen White before she transferred it to D&FW, whether separate, sole
management community, or other, once transferred, it became the sole property of
D&FW. Kathleen's interest in the partnership might now be property subject to
characterization under the Texas Family Code as separate, community, or other, and
thus protected from liability under section 3.202 of the Texas Family Code. (2) 
However, the property she transferred to D&FW lost its marital property
characterization once it was no longer owned by either spouse. Because a suit for
fraudulent transfer pursues the property rather than the parties, judgment against the
current owner of the property is appropriate and does not violate the Texas Family
Code. Airflow Houston, Inc. v. Theriot, 849 S.W.2d 928, 934 (Tex. App.--Houston
[1st Dist.] 1993, no writ). CONCLUSION

 We affirm the judgment of the trial court. All pending objections and motions
are denied.



 Margaret Garner Mirabal

 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (3)

Do not publish. Tex. R. App. P. 47.4.
1. A narrow exception exists for "fundamental error," but this is not such a case. 
In re D.T.M., 932 S.W.2d 647, 652 (Tex. App.--Fort Worth 1996, no writ) (holding
a pleading defect may not be raised for the first time on appeal because, in a civil
case, fundamental error occurs only in rare instances in which record shows on its
face that trial court lacked jurisdiction or where a public interest as declared in
statutes or the Constitution is directly and adversely affected).
2. Section 3.202 limits the liabilities that may attach to a spouse's separate and
sole management property. Tex. Fam. Code Ann. § 3.202 (Vernon 1998).
3. The Honorable Jackson B. Smith, retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.