IN RE THLD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-372-CV

IN THE INTEREST OF T.H.L.D., A CHILD 

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On April 28, 2003, the Texas Department of Protective and Regulatory Services (TDPRS)
(footnote: 2) filed an original petition for protection of a child, for conservatorship, and for termination in this suit affecting the parent-child relationship between Appellant Cynthia D. and her son T.H.L.D, her sixth child.
(footnote: 3)  Appellant’s rights to her first two children were terminated in 1991 and 1999 respectively, she is unaware of the whereabouts of her third-born child, and her parental rights to her fourth and fifth-born children were terminated in 2001 and 2002.  After a three-day trial, the trial court terminated Appellant’s parental rights to T.H.L.D.  This appeal ensued.  

In her sole point on appeal, Appellant contends TDPRS violated Appellant’s constitutional right to be a parent by failing to follow its administrative rules for seeking the termination of her parental rights.  Specifically, Appellant argues that prior to seeking termination of Appellant’s parental rights, TDPRS failed to make any investigation to determine whether Appellant was unwilling or unable to make the changes needed to reduce the risk of abuse or neglect, as required by section 700.1341(1)(A) of the Texas Administrative Code.  
40 Tex. Admin. Code § 700.1341(1)(A) (
1994) (Tex. Dep’t of Family & Protective Svcs.).  This section provides:

The Texas Department of Protective and Regulatory Services does not ask the court to terminate the parental rights of a child’s parents until all three of the following conditions are satisfied:

(1) the child’s worker has determined that:

(A) the parents are unwilling or unable to make the changes needed to reduce the risk of abuse or neglect;

(B) it is neither in the child’s best interest nor feasible to transfer conservatorship to relatives; and

(C) it is in the child’s best interest to:

(i) sever the parent-child relationship; and

(ii) either place the child for adoption or pursue another permanency plan that entails termination of parental rights;

(2) one or more of the conditions for terminating parental rights under Chapter 161 of the Texas Family Code are satisfied;

(3) if the child has two legal parents, it is feasible to terminate the rights of both.  

Id
.

Appellant did not raise this challenge in the trial court, and TDPRS urges that this argument is therefore waived.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid
. 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g); 
see also
 
In re B.L.D.
, 113 S.W.3d 340, 354-55 (Tex. 2003) (holding that court of appeals must not retreat from error-preservation standards to review unpreserved error in parental rights termination cases), 
cert. denied
, 124 S. Ct. 1674 (2004); 
In re D.T.M.
, 932 S.W.2d 647, 652 (Tex. App.—Fort Worth 1996, no writ) (holding that even constitutional arguments are waived if not raised in the trial court).  We need not decide in this case, however, whether a section 700.1341 objection must be raised at trial because the record affirmatively reflects that TDPRS satisfied the subsection 1(A) requisite.  

Section 700.1341 of the administrative code provides certain requirements TDPRS must comply with before filing a termination suit.  This section is not the equivalent of section 161.001 of the family code, which requires TDPRS to assume the burden of proof at trial to establish by clear and convincing evidence that termination of the parental rights is appropriate under the family code.  
Compare
 40 
Tex. Admin. Code § 700.1341 
(setting forth pre-suit requirements) 
with
 
Tex. Fam. Code Ann.
 § 161.001 (Vernon 2002) (setting forth grounds for termination).  Therefore, pre-suit violations very well may not present any basis for post-trial remedies in situations like the present case.  Again, however, we need not decide this issue because the record before us affirmatively establishes that the State met the prerequisites to filing suit established in section 700.1341(1)(A).  TDPRS has been involved with Appellant since 1988, conducting investigations before Appellant’s pregnancy and during the period of time between T.H.L.D.’s birth and the filing of the petition for termination.  The record supports TDPRS’ contention that since the termination of Appellant’s rights to her other children, she did not show progress toward reducing or eliminating the risk of abuse or neglect of T.H.L.D.   We overrule Appellant’s sole point on appeal and affirm the trial court’s order terminating her parental rights.  

PER CURIAM

PANEL F: HOLMAN, WALKER, and MCCOY, JJ.

DELIVERED:  July 1, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Effective February 1, 2004, the name of the agency changed to the Texas Department of Family and Protective Services.  However, for the sake of consistency in this case, we will continue to use TDPRS when we refer to the agency.

3:
To protect the privacy of the parties involved in this appeal, we identify the child by initials only and the Appellant by first name only.  
See
 
Tex. Fam. Code Ann.
 § 109.002(d) (Vernon 2002).