COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-372-CV
 
 
 
IN 
THE INTEREST OF T.H.L.D., A CHILD
 
 
 
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        On 
April 28, 2003, the Texas Department of Protective and Regulatory Services 
(TDPRS)[2] filed an original petition for protection 
of a child, for conservatorship, and for termination in this suit affecting the 
parent-child relationship between Appellant Cynthia D. and her son T.H.L.D, her 
sixth child.[3]   Appellant’s rights to 
her first two children were terminated in 1991 and 1999 respectively, she is 
unaware of the whereabouts of her third-born child, and her parental rights to 
her fourth and fifth-born children were terminated in 2001 and 2002.  After 
a three-day trial, the trial court terminated Appellant’s parental rights to 
T.H.L.D. This appeal ensued.
        In 
her sole point on appeal, Appellant contends TDPRS violated Appellant’s 
constitutional right to be a parent by failing to follow its administrative 
rules for seeking the termination of her parental rights. Specifically, 
Appellant argues that prior to seeking termination of Appellant’s parental 
rights, TDPRS failed to make any investigation to determine whether Appellant 
was unwilling or unable to make the changes needed to reduce the risk of abuse 
or neglect, as required by section 700.1341(1)(A) of the Texas Administrative 
Code.  40 Tex. Admin. Code § 
700.1341(1)(A) (1994) (Tex. Dep’t of Family & Protective Svcs.).  
This section provides:

The 
Texas Department of Protective and Regulatory Services does not ask the court to 
terminate the parental rights of a child’s parents until all three of the 
following conditions are satisfied:
 
(1) 
the child’s worker has determined that:
 
(A) 
the parents are unwilling or unable to make the changes needed to reduce the 
risk of abuse or neglect;
 
(B) 
it is neither in the child’s best interest nor feasible to transfer 
conservatorship to relatives; and
 
(C) 
it is in the child’s best interest to:
 
(i) 
sever the parent-child relationship; and
 
(ii) 
either place the child for adoption or pursue another permanency plan that 
entails termination of parental rights;
 
(2) 
one or more of the conditions for terminating parental rights under Chapter 161 
of the Texas Family Code are satisfied;
 
(3) 
if the child has two legal parents, it is feasible to terminate the rights of 
both.

Id.
        Appellant 
did not raise this challenge in the trial court, and TDPRS urges that this 
argument is therefore waived.  To preserve a complaint for our review, a 
party must have presented to the trial court a timely request, objection, or 
motion that states the specific grounds for the desired ruling, if they are not 
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a); see also 
Tex. R. Evid. 103(a)(1).  If 
a party fails to do this, error is not preserved, and the complaint is waived. Bushell 
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g); see also In 
re B.L.D., 113 S.W.3d 340, 354-55 (Tex. 2003) (holding that court of appeals 
must not retreat from error-preservation standards to review unpreserved error 
in parental rights termination cases), cert. denied, 124 S. Ct. 1674 
(2004); In re D.T.M., 932 S.W.2d 647, 652 (Tex. App.—Fort Worth 1996, 
no writ) (holding that even constitutional arguments are waived if not raised in 
the trial court).  We need not decide in this case, however, whether a 
section 700.1341 objection must be raised at trial because the record 
affirmatively reflects that TDPRS satisfied the subsection 1(A) requisite.
        Section 
700.1341 of the administrative code provides certain requirements TDPRS must 
comply with before filing a termination suit.  This section is not the 
equivalent of section 161.001 of the family code, which requires TDPRS to assume 
the burden of proof at trial to establish by clear and convincing evidence that 
termination of the parental rights is appropriate under the family code.  Compare 
40 Tex. Admin. Code § 700.1341 
(setting forth pre-suit requirements) with Tex. Fam. Code Ann. § 161.001 (Vernon 
2002) (setting forth grounds for termination).  Therefore, pre-suit 
violations very well may not present any basis for post-trial remedies in 
situations like the present case.  Again, however, we need not decide this 
issue because the record before us affirmatively establishes that the State met 
the prerequisites to filing suit established in section 700.1341(1)(A).  
TDPRS has been involved with Appellant since 1988, conducting investigations 
before Appellant’s pregnancy and during the period of time between 
T.H.L.D.’s birth and the filing of the petition for termination.  The 
record supports TDPRS’ contention that since the termination of Appellant’s 
rights to her other children, she did not show progress toward reducing or 
eliminating the risk of abuse or neglect of T.H.L.D.
        We 
overrule Appellant’s sole point on appeal and affirm the trial court’s order 
terminating her parental rights
 
 
                                                                  PER 
CURIAM
 
 
PANEL F:   HOLMAN, 
WALKER, and MCCOY, JJ.
DELIVERED: 
July 1, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Effective February 1, 2004, the name of the agency changed to the Texas 
Department of Family and Protective Services. However, for the sake of 
consistency in this case, we will continue to use TDPRS when we refer to the 
agency.
3.  
To protect the privacy of the parties involved in this appeal, we identify the 
child by initials only and the Appellant by first name only. See Tex. Fam. Code Ann. § 109.002(d) 
(Vernon 2002).