

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00260-CV

AVONDA FOX, INDIVIDUALLY AND
AS NEXT FRIEND TO JACOB FOX

APPELLANT

V.

CARLA BROWN, IN HER OFFICIAL
AND INDIVIDUAL CAPACITY;
CRYSTAL YOUNG, IN HER
OFFICIAL AND INDIVIDUAL
CAPACITY; GEORGIA TRAYLOR,
IN HER OFFICIAL AND INDIVIDUAL
CAPACITY; LONA MATHIS, IN HER
OFFICIAL AND INDIVIDUAL
CAPACITY; AND MELODY NALLS,
IN HER OFFICIAL AND INDIVIDUAL
CAPACITY

APPELLEES

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

Appellant Avonda Fox appeals from the trial court's grant of the plea to the jurisdiction asserted by Appellees Carla Brown, Crystal Young, Georgia Traylor, Lona Mathis, and Melody Nalls. Fox does not challenge the sole basis for the trial court's grant of the plea to the jurisdiction, and we therefore affirm.

Fox brought this suit for wrongful death and negligence as next friend of Jacob Fox, her son, after he died as a result of being left for a number of hours in a closed van at his day care on July 20, 2006. The day care was licensed by the Texas Department of Family and Protective Services through its Child Care Licensing Division.

Fox's original petition named Appellees as defendants in their official and individual capacities, as well as other individuals not involved in this appeal. Appellees were all employees of the Child Care Licensing Division at the time of Jacob's death. Fox subsequently amended her petition to sue Appellees in their individual capacities only.

Appellees filed a third amended plea to the jurisdiction in which they asserted that Fox's claims should be dismissed for lack of standing on the ground that the pleadings did not allege a causal connection between the injury and conduct complained of because the injury was the result of the independent action of a third party. Appellees also asserted that Fox's claims against them should be dismissed in accordance with subsections 101.106(a) and (e) of the civil practice and remedies code.[2]

---

[2]*See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (West 2005).

In March 2011, the trial court granted Appellees' plea to the jurisdiction, and in April, the court entered final judgment dismissing all of Fox's claims. The order states that "all claims against [Appellees] in their individual capacities *only regarding standing* asserted in [Appellees'] Third Amended Plea to the Jurisdiction are granted . . . , and any [Appellee] whose Plea is granted is dismissed from this case with prejudice." [Emphasis added.] Other defendants not involved in this appeal were nonsuited. In its final judgment, the trial court referenced this order, stating that after having granted Appellees' third amended plea to the jurisdiction, "all claims against all parties to this litigation have now been resolved." Accordingly, the trial court ordered that Fox take nothing and dismissed all of her causes of action with prejudice. Fox now appeals.

In her only issue on appeal, Fox argues that section 101.106 as applied in this case violates the open courts provision of the Texas Constitution.[3] Fox did not make this argument in the trial court,[4] but she urges this court to consider it nevertheless. Fox does not, however, challenge the trial court's determination that her claims fail for lack of standing.

We may not reverse a judgment on appeal based on trial court error unless we conclude that the error either probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case

---

[3]*See* Tex. Const. art. I, § 13.

[4]*See* Tex. R. App. P. 33.1(a); *Matter of D.T.M.*, 932 S.W.2d 647, 652 (Tex. App.—Fort Worth 1996, no writ) ("Even constitutional arguments are waived at the appellate level if issues were not before the trial court.").

to the court of appeals.[5]  Even if the application of section 101.106 would have violated the open courts provision in this case, the trial court did not actually base its decision on that section.  Because the trial court did not commit the error Fox complains of, we cannot say that the error probably caused the rendition of an improper judgment or probably prevented Fox from properly presenting her case on appeal.  Fox makes no argument that the trial court erred by dismissing her claims on the basis of standing, and we are prohibited from making the argument for her and from reversing the judgment on that ground.[6]  Accordingly, we are compelled to overrule Fox's sole issue.

Having overruled Fox's sole issue, we affirm the trial court's judgment dismissing Fox's claims.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  December 15, 2011

---

[5]*See* Tex. R. App. P. 44.1(a).

[6]*See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."); *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.) ("In its review of a civil matter, an appellate court has no discretion to fabricate an issue not raised in the appellant's brief, even though the court may perceive that the ends of justice require such a course.").