

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-22-00186-CV, 04-22-00187-CV, 04-22-00188-CV

**IN THE MATTER OF M.A.A.**

From the 436th District Court, Bexar County, Texas
Trial Court Nos. 2020JUV00120, 2020JUV01099A, 2020JUV00725
Honorable Lisa Jarrett, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed: November 2, 2022

AFFIRMED

Appellant M.A.A. challenges the trial court's March 10, 2022 order committing her to the custody of the Texas Juvenile Justice Department (TJJD). We affirm the trial court's order.

### BACKGROUND

When M.A.A. was sixteen years old, the State alleged in three separate cause numbers that she had engaged in delinquent conduct that was "an offense against the State of Texas of the Grade of Felony." M.A.A. pleaded true to the State's allegations, and the trial court entered an order of adjudication and placed her on probation in all three cases. *See* TEX. FAM. CODE ANN. §§ 54.03, 54.04. Because the trial court found that it was in M.A.A.'s best interest to be placed outside her home while she was on probation, it ordered her into the care, custody, and control of the Chief Juvenile Probation Officer of Bexar County until her eighteenth birthday.

When M.A.A. was seventeen, the State moved to modify that disposition in all three cases. The State alleged M.A.A. had violated the terms of her probation by "fail[ing] to cooperate fully and obey all rules of the residential placement facility or foster home where she was placed." The State asked the trial court to declare that M.A.A. had "violated a reasonable and lawful order of a juvenile court" and to modify its previous disposition "in accordance with the provisions of Title 3 of the Texas Family Code," also known as the Juvenile Justice Code.

On March 8, 2022, the trial court held a hearing to modify its previous disposition via Zoom. *See* TEX. FAM. CODE ANN. § 54.05. M.A.A., her attorney, her guardian ad litem, and her father appeared and did not object to holding the hearing virtually. During that hearing, M.A.A. pleaded true to the allegations in the State's motions. The trial court then advised M.A.A. on the record that she had the right to remain silent, the right to cross-examine and confront witnesses, and the right to an attorney to "provide a defense for [her] and make the State prove the case by preponderance of the evidence." The trial court also asked the State to read the allegations against M.A.A. on the record. After the trial court's admonition and the reading of the allegations, M.A.A. confirmed that she wanted to plead true. The trial court accepted M.A.A.'s plea, found the State's evidence supported the plea, and found that M.A.A. "was on probation and violated the terms" of her probation. Importantly, M.A.A. did not complain about any of these admonishments or challenge the adequacy of her remote signature on the plea paperwork.

After making these findings, the court immediately transitioned to disposition. During that portion of the hearing, M.A.A.'s probation officer recommended "no disposition for [M.A.A.] and to be in the care and custody of her father" because "[M.A.A.] has charges pending in the adult courts, and they have other resources that may be suitable for her needs." The State acknowledged that M.A.A. was under investigation for assault of a public servant, but it told the trial court those allegations had not yet "been referred to the State for prosecution." The State recommended that

M.A.A. "be placed in the custody of the Texas Juvenile Justice Department" until her nineteenth birthday. The prosecuting attorney represented that if the trial court committed M.A.A. to TJJD, the State would "make sure that those charges [under investigation] do not come forward so when she is released from TJJD, on or before her 19th birthday, she will have a clean slate."

M.A.A.'s attorney stated that he had informed her about the difference between "no disposition" and a commitment to TJJD, and he indicated that M.A.A. wanted to be released to her father and "face adult court, if the adult court system files charges against her." M.A.A.'s guardian ad litem confirmed that M.A.A. wanted the court to "find no disposition and let her deal with the adult case, should it come down." M.A.A. testified that she understood the options that were available to the trial court and explained she did not want to be committed to TJJD because she did not plan "to continue doing bad."

At the conclusion of the hearing, the trial court found it was in M.A.A.'s best interest to be placed outside her home, that reasonable efforts had been made to prevent or eliminate the need to remove her from her home, and that she could not be provided an adequate level of support and supervision to meet the conditions of probation in her home. Based on those findings, it concluded that it was in M.A.A.'s best interest and the best interest of the public to commit M.A.A. to TJJD. This appeal followed.

### ANALYSIS

In a single issue, M.A.A. argues she was denied the right to meaningfully participate in the modification of disposition hearing that resulted in her commitment to TJJD.

### *Standard of Review and Applicable Law*

"[A] disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state . . . of the grade of felony may be modified so as to commit the child to the Texas Juvenile Justice Department[.]" TEX. FAM. CODE ANN. § 54.05(f). To preserve

a complaint about a modified disposition for appellate review, the child generally "must present the trial court with a timely request, objection, or motion stating the specific grounds for the ruling desired." *In re J.M.E.*, No. 04-19-00062-CV, 2020 WL 86212, at *3 (Tex. App.—San Antonio Jan. 8, 2020, no pet.) (mem. op.). This preservation rule applies to constitutional claims. *Id.*

### *Application*

M.A.A. first argues that the record does not show she was properly admonished regarding her rights. She does not dispute that the trial court orally advised her of her rights before it accepted her plea, and she notes that several written admonishment documents in the clerk's record appear to bear her electronic signature. She contends, however, the trial court did not inquire whether those markings "actually represented [her] intended electronic signature." She also argues that even if the electronic signature is hers, "she was not asked what she believed might transpire upon her signing it," and she contends the trial court "did not verify [her] understanding that her plea of true could result in her incarceration until her nineteenth birthday."

The Texas Family Code requires a trial court conducting a juvenile adjudication hearing to explain several matters to the child and her parents at the beginning of the hearing. TEX. FAM. CODE ANN. § 54.03(b). The Family Code does not specifically require similar admonishments in a hearing to modify a previous adjudication. TEX. FAM. CODE ANN. § 54.05; *but see id.* § 54.05(g) (commitment of child to TJJD requires "[a] new finding in compliance with Section 54.03"). We will assume, without deciding, that the admonishments that are statutorily required during an initial adjudication hearing are also required at a subsequent modification hearing. *Compare* TEX. FAM. CODE § 54.03, *with* TEX. FAM. CODE § 54.05. The admonishments required by section 54.03 include "the allegations made against the child," "the nature and possible consequences of the proceedings," "the child's privilege against self-incrimination," and the child's right to trial, the

confrontation of witnesses, and representation by counsel. *Id.* The Family Code also provides, however:

> In order to preserve for appellate or collateral review the failure of the court to provide the child the explanation required by Subsection (b), the attorney for the child must comply with Rule 33.1, Texas Rules of Appellate Procedure, before testimony begins or, if the adjudication is uncontested, before the child pleads to the petition or agrees to a stipulation of evidence.

TEX. FAM. CODE ANN. § 54.03(i). Texas Rule of Appellate Procedure 33.1 requires a complainant to show that she made a timely, specific objection below and that she obtained a ruling on her objection. TEX. R. APP. P. 33.1(a). Here, there is nothing in the record showing that M.A.A. objected to the trial court's oral and written admonishments at either the initial adjudication hearing or the modification hearing. Accordingly, she has not preserved that complaint for our review. TEX. FAM. CODE § 54.03(i); TEX. R. APP. P. 33.1(a).

Next, M.A.A. challenges the trial court's decision to hold a virtual hearing on the State's motions to modify, arguing that she had a constitutional right to be physically present before the court. As support for this proposition, she cites article 27.18 of the Texas Code of Criminal Procedure. Article 27.18 provides that in an adult criminal proceeding, a trial court may accept a defendant's plea or waiver of a defendant's rights by videoconference, but only if both the defendant and the State file "written consent to the use of videoconference." TEX. CODE CRIM. PROC. ANN. art. 27.18(a)(1). She also cites an opinion from the Texas Court of Criminal Appeals holding that the Texas Supreme Court's emergency orders arising out of the COVID-19 pandemic do not "purport to authorize courts to modify substantive rights." *In re State ex rel. Ogg*, 618 S.W.3d 361, 364–66 (Tex. Crim. App. 2021).

M.A.A. did not raise any constitutional claims below. *See In re E.A.P.*, No. 04-08-00503-CV, 2009 WL 618463, at *1 (Tex. App.—San Antonio Mar. 11, 2009, pet. denied) (mem. op) (holding juvenile waived constitutional complaint by failing to assert it before adjudication

hearing). She also did not object to the virtual hearing, argue that a virtual hearing would deprive her of any substantial right, or assert that the trial court was bound by any statutory requirements that apply to proceedings in adult criminal cases. TEX. R. APP. P. 33.1(a); *In re E.A.P.*, 2009 WL 618463, at *1. We conclude M.A.A. has not preserved this complaint for our review. *See, e.g.*, *In re D.T.M.*, 932 S.W.2d 647, 652 (Tex. App.—Fort Worth 1996, no pet.).

Having concluded that M.A.A.'s arguments are not preserved for our review, we overrule her sole issue.

## CONCLUSION

We affirm the trial court's March 10, 2022 order committing M.A.A. to the Texas Juvenile Justice Department.

Beth Watkins, Justice